■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RALIK ALLAH, Appellant.—Judgment, Supreme Court, Bronx County, entered May 11, 1977, convicting defendant of two counts of criminal possession of a weapon in the third degree and sentencing him as a second felony offender to two concurrent terms of 3½ to 7 years is unanimously modified, on the law, and the matter is remanded for resentence following a new predicate felony hearing, and otherwise the judgment is affirmed. Defendant was sentenced as a second felony offender after a hearing occasioned by his denial that he was the person involved in a prior conviction. Under CPL 400.21 (subd 7) the burden of proof is on the People who must prove by admissible evidence that the defendant is, beyond a reasonable doubt, the person referred to in the arrest record. The prosecution introduced an arrest record (NYSIIS sheet) which indicated a conviction for rape, second degree, by a Gerald Cooper Alston. At trial, testimony of defendant's wife showed that he had changed his name for religious reasons although she made no reference to first or middle names to establish that defendant was the person referred to by NYSIIS. We note that defendant's wife spells her name with two "ls" compared to the one "l" used on the arrest record. The prosecutor was allowed to testify as to the wife's trial testimony without complying with the requirements of CPL 670.10 or 670.20 which spell out authority and procedure for use of testimony given in a previous criminal proceeding. Such testimony without such compliance is hearsay and thus inadmissible. Likewise, the uncertified NYSIIS arrest record containing matter culled from other records even though based upon Social Security number and other social data and even though kept in the regular course of business, does not suffice to connect the defendant, beyond a reasonable doubt, to the prior felony conviction. A more accurate method of determining the identity of the defendant and proof beyond a reasonable doubt would be by a comparison of the fingerprints taken in the instant case with those taken from the said Gerald Alston in the rape conviction or by mug shots or direct testimony establishing appellant's identity with the prior felon. Defendant raises other questions not preserved for appeal by objection and reasons that such objection would have necessitated "curative" language on the part of the trial court which could only serve to emphasize the prosecutor's comments. No comment is necessary. Concur—Lupiano, J. P., Evans, Markewich and Yesawich, JJ.