■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GARY H. VOLLICK, Appellant.—Judgment modified on the law and as modified affirmed and matter remitted to Monroe County Court for further proceedings, in accordance with the following memorandum: Defendant was charged with two counts of operating a motor vehicle while under the influence of alcohol or drugs (Vehicle and Traffic Law § 1192 [2], [3]). Pursuant to CPL 200.60, the District Attorney filed a special information accusing defendant of having previously been convicted of a violation of Vehicle and Traffic Law § 1192 (3). Defendant waived a jury and was tried by the court. When arraigned on the special information, defendant chose to remain mute *(see,* CPL 200.60 [3]). The People introduced into evidence a certificate of conviction from the Town Court of the Town of Gates certifying that a judgment of conviction was entered in that court on the 26th day of September 1978, convicting Gary H. Vollick of the offense of driving while intoxicated in violation of Vehicle and Traffic Law § 1192 (3). No other evidence was offered to show that defendant was the same person named in the certificate of conviction.

At the close of the People's proof, defendant moved to dismiss the special information on the ground that the certificate of conviction, standing alone, was insufficient to demonstrate that defendant had previously been convicted of a violation of Vehicle and Traffic Law § 1192 (3). The motion was denied. The court found defendant guilty of two counts of operating a motor vehicle while under the influence of alcohol or drugs as felonies *(see,* Vehicle and Traffic Law § 1192 [former (5)]).

The judgment must be modified to reduce the felony convictions to misdemeanor convictions in violation of Vehicle and Traffic Law § 1192 (2) and (3). The evidence was legally insufficient to establish that defendant committed a felony. When

defendant chose to remain mute at his arraignment on the special information, the burden fell to the People to prove defendant's prior conviction as an element of the offense charged (see, CPL 200.60 [3] [b]; cf., CPL 400.15, 400.16, 400.20, 400.21 [where uncontroverted allegations are deemed to be admitted]). To meet their burden, the People relied solely upon the facts recited in the certificate of conviction. CPL 60.60 (1) provides that a certificate of conviction "constitutes presumptive evidence of the facts stated in such certificate". While the certificate here states that Gary H. Vollick was previously convicted, it does not otherwise state any facts demonstrating that the person named in the certificate is the defendant (cf., CPL 60.60 [2] [presumptive evidence rule governing reports of official fingerprint records]). The certificate proves only that a person by the same name as defendant was previously convicted. We conclude, therefore, that the evidence fails to establish that defendant's violations of Vehicle and Traffic Law § 1192 (2) and (3) constituted felonies (see, People v Reese, 258 NY 89; People v Allah, 66 AD2d 665).

The case must be remitted to Monroe County Court for resentencing of defendant.

All concur, except Boomer, J., who dissents and votes to affirm in the following memorandum.

Boomer, J. (dissenting). I respectfully dissent.

"Identity of name, in the absence of all other proof on the subject, raises a presumption in civil cases of identity of person. * * *

"The rule is naturally much less liberal in criminal prosecutions. Thus, in People v. Reese, 258 N. Y. 89, 96, 179 N. E. 305, 306, 79 A. L. R. 1329, the court said: 'Identity of name is not always sufficient in a criminal prosecution to show identity of person, but it may be accepted as sufficient if fortified by circumstances' " (Richardson, Evidence § 85 [Prince 10th ed]; see also, Annotation, Prior Conviction-Identification, 11 ALR2d 870; 9 Wigmore, Evidence § 2529). Here, the identity of name was fortified by circumstances. Both the previous conviction and the present one were for the same crime (driving while intoxicated), in the same locality (the Town of Gates). The names of the defendants in both cases were exactly the same, including the middle initial, and the name Gary H. Vollick is not a common one. Whereas there may be other Gary H. Vollicks in the United States, it is highly improbable that there was more than one Gary H. Vollick convicted for driving while intoxicated in the Town of Gates within the past 10 years.

Under these circumstances, the presumption of identity of person from identity of name is not an unreasonable one to impose upon a criminal defendant. If the Gary H. Vollick previously convicted in Gates Town Court was not the same Gary H. Vollick as defendant in this case, defendant could easily have refuted the presumption by showing that there were other Gary H. Vollicks in the area or that the residence of the Gary H. Vollick previously convicted was different from his. (Appeal from judgment of Monroe County Court, Egan, J. —felony driving while intoxicated.) Present—Dillon, P. J., Callahan, Boomer, Green and Davis, JJ.