■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v ROBERT L. VAN BUREN, Respondent.—Order unanimously reversed on the law, motion denied, count one of the indictment reinstated, and matter remitted to Genesee County Court for further proceedings on the indictment. Memorandum: The People appeal from an order of County Court that granted defendant's motion pursuant to CPL 210.20 (1-a) to reduce the offense charged in the first count of the indictment from operating a motor vehicle while under the influence of alcohol or drugs as a felony to a misdemeanor. The court found that the evidence before the Grand Jury was not legally sufficient to support the felony charge. The People introduced into evidence a certificate of conviction from the Genesee County Court that indicated that a judgment was entered in that court on August 14, 1987, convicting Robert L. Van Buren of the misdemeanor of operating a motor vehicle while having .10 of one percentum or more by weight of alcohol in his blood

in violation of Vehicle and Traffic Law former § 1192 (2). The People also presented the testimony of the arresting officer that defendant admitted a "prior alcohol conviction". The court found that defendant's admission to the arresting officer was vague and that his prior conviction could have been for an offense, which would not have raised the present offense to a felony. The court, relying on *People v Vollick* (148 AD2d 950, *affd* 75 NY2d 877), further concluded that the certificate of conviction, standing alone, was insufficient to establish that defendant had previously been convicted of a violation of Vehicle and Traffic Law former § 1192 (2) because it proved only that a person by the same name as defendant was previously convicted.

We reverse. The court's reliance on *Vollick (supra)* is misplaced. *Vollick* addressed whether the People's proof at trial established beyond a reasonable doubt that defendant was the person previously convicted. The issue now before us, however, relates to the sufficiency of the evidence before the Grand Jury, and *Vollick* is not controlling.

A Grand Jury may indict a person when the evidence before it establishes all the elements of the crime and also establishes reasonable cause to believe that the accused committed the crime to be charged *(see,* CPL 190.65 [1]). "The first prong requires that the People present a prima facie case; the second dictates the degree of certitude grand jurors must possess to indict" and the correct degree of certitude is " 'reasonable cause,' not 'beyond a reasonable doubt' " *(People v Jennings,* 69 NY2d 103, 115).

We conclude that the evidence before the Grand Jury was sufficient to establish a prima facie case and, therefore, the court erred in granting defendant's motion to reduce count one of the indictment pursuant to CPL 210.20 (1-a). (Appeal from Order of Genesee County Court, Morton, J.—Reduce Indictment.) Present—Callahan, J. P., Green, Pine, Boehm and Davis, JJ.