In the Matter of ROBERT A. ALTMAN, Petitioner, v JOHN A.K. BRADLEY, as Justice of the Supreme Court, New York County, et al., Respondents.

First Department, December 17, 1992

132

APPEARANCES OF COUNSEL

*Richard A. Greenberg* of counsel *(Gustave H. Newman* and *William Shields* with him on the brief; *Newman & Schwartz,* attorneys), for petitioner.

*Marc Frazier Scholl* of counsel *(John W. Moscow, Harold J. Wilson, Veronica Bindrim-MacDevitt* and *Alan C. Michaels* with him on the brief; *Robert M. Morgenthau, District Attorney,* attorney), for respondent.

OPINION OF THE COURT

KASSAL, J.

By this proceeding, brought pursuant to CPLR article 78, petitioner seeks relief in the nature of a writ of prohibition barring his further prosecution under New York County Indictment No. 6994/92. Upon examination of the record, we conclude that petitioner has failed to establish entitlement, either in fact or law, to the extraordinary relief requested and, accordingly, the petition is denied and the proceeding dismissed.

■ The underlying prosecution in this matter arises out of an investigation into the Bank of Credit and Commerce International (BCCI), which has resulted in four indictments, including the subject of this proceeding, *People v Abedi, Naqvi, Clifford, Altman & Fulaij*. Petitioner, one of the aforenamed defendants, seeks to prohibit a trial currently scheduled to begin on February 15, 1993. The proceeding is brought in this Court in the first instance pursuant to CPLR 506 (b) (1) and 7804 (b), and we determine, as a threshold procedural issue, that the claims of double jeopardy and immunity are properly raised *(see, Matter of Kaplan v Ritter,* 71 NY2d 222; *Matter of Rush v Mordue,* 68 NY2d 348). Substantively, however, they do not withstand scrutiny.

■ First, we reject, as devoid of factual basis, petitioner's claim that he was accorded transactional immunity by reason of having been compelled to appear personally, and without waiving immunity, before the Grand Jury. Petitioner's appearances before the Grand Jury were made pursuant to four subpoenas duces tecum directed to four separate entities consisting of three corporations and a law firm. Addressed to the "Attn" of petitioner, as a named official of each of the entities, the subpoenas sought the production of certain specified corporate records, and were endorsed as follows: "YOU MAY WAIVE THE PERSONAL PRODUCTION OF THE AFOREMENTIONED RECORDS BEFORE THE GRAND JURY BY MAILING OR DELIVERING THEM TO THE OFFICE OF THE DISTRICT ATTORNEY OF NEW YORK COUNTY AT ONE HOGAN PLACE, NEW YORK, N.Y. 10013, ATTENTION OF ADA JOHN W. MOSCOW ROOM 729."

In accordance with CPL article 640, certificates were issued in September 1990 by a Justice of the Supreme Court, New York County, requesting enforcement of the four subpoenas by the Superior Court of the District of Columbia. On or about October 9, 1990, Superior Court Judge Eugene Hamilton of the District of Columbia issued an order directing petitioner, in his capacity as "Director or a Custodian of Records" to show cause why said court should not issue process directing the enforcement of the subpoenas.

Following a hearing, Judge Hamilton issued four orders on November 26, 1990, directing petitioner, in his official capacity, to appear before the New York Grand Jury and "produce such documents called for in the attached subpoena as to which [he] has actual or constructive possession, care, custody or control". The record establishes that the prosecutor was

amenable to a "modification" for "other custodians of the records" to come in petitioner's place if he were unable to do so.

Upon appearing before the Grand Jury on March 11 and April 25, 1991, petitioner was read the provisions of CPL 190.40, which state as follows:

"1. Every witness in a grand jury proceeding must give any evidence legally requested of him regardless of any protest or belief on his part that it may tend to incriminate him.

"2. A witness who gives evidence in a grand jury proceeding receives immunity unless:

"(a) He has effectively waived such immunity pursuant to section 190.45; or

"(b) Such evidence is not responsive to any inquiry and is gratuitously given or volunteered by the witness with knowledge that it is not responsive.

"(c) The evidence given by the witness consists only of books, papers, records or other physical evidence of an enterprise, as defined in subdivision one of section 175.00 of the penal law, the production of which is required by a subpoena duces tecum, and the witness does not possess a privilege against self-incrimination with respect to the production of such evidence. Any further evidence given by the witness entitles the witness to immunity except as provided in subdivisions (a) and (b) of this section."

The transcript of the Grand Jury proceedings establishes that the prosecutor's questioning of petitioner sought solely to elicit whether there had been compliance with the subpoenas duces tecum. Thus, petitioner was asked, for example, to read each item listed in the subpoena, and then to state whether it had been produced. Related or follow-up inquiries concerned whether petitioner desired additional time to produce a specific document. Throughout petitioner's Grand Jury appearances, the prosecutor not only adhered to questions relating to the production of the records, but scrupulously attempted to confine petitioner's responses to such matters. On occasion, when petitioner attempted to volunteer information or to reply in a manner that was potentially beyond the scope of the inquiry, the prosecutor would immediately caution petitioner against doing so, and re-read the provisions of CPL 190.40 (2) (b).

Petitioner, an attorney, was further advised that, "If when I ask a question, you choose to give an answer that is not

responsive, I merely inform you that you would not be covered by the immunity statute in New York." Additionally, petitioner was informed that he could step outside of the jury room to seek clarification on a question and/or to consult with his counsel.

In light of this record, we conclude that there is no factual basis for petitioner's contention that the subpoenas duces tecum—which he acknowledged during his Grand Jury testimony were "not directed to me personally"—compelled his appearance or his giving of "further evidence" within the meaning of CPL 190.40 (2) (c). Rather, what was sought was the production of specified physical evidence, which, indeed, is the function of a subpoena duces tecum (see, CPL 610.10 [3]). The record makes clear that if petitioner was placed in a position of providing "further evidence", this was solely occasioned by his unsolicited responses and volunteered comments. Such communications do not confer immunity. (CPL 190.40 [2] [b].)

■ Nor may petitioner claim that his constitutional right against self-incrimination immunizes him from prosecution in this matter. Where, as here, a witness appears solely in his capacity as an official who has actual or constructive possession of an entity's documents, he possesses no privilege against self-incrimination with respect to those records (see, Braswell v United States, 487 US 99, 102; Matter of Grand Jury v Kuriansky, 69 NY2d 232, 242; Big Apple Concrete Corp. v Abrams, 103 AD2d 609, 613).

■ Similarly without merit is petitioner's claim that permitting this prosecution will violate his double jeopardy rights under CPL article 40. It is axiomatic that "an accused must suffer jeopardy before he can suffer double jeopardy" (Matter of Lockett v Juviler, 65 NY2d 182, 187; Matter of Warren v Montemango, 618 F Supp 147 [ED NY 1985], revd 784 F2d 78 [2d Cir 1986], cert denied 479 US 832; People v Santana, 99 AD2d 586, 587). Although there is currently outstanding both a New York County indictment and a District of Columbia Federal indictment, each stemming from alleged BCCI-related criminal activity, petitioner has not been "prosecuted" under the Federal indictment in this case and, accordingly, jeopardy has not attached. As is made clear by the terms of CPL 40.30 (1):

"[A] person 'is prosecuted' for an offense, within the meaning of section 40.20, when he is charged therewith by an

accusatory instrument filed in a court of this state or of any jurisdiction within the United States, and when the action either:

"(a) Terminates in a conviction upon a plea of guilty; or

"(b) Proceeds to the trial stage and a jury has been impaneled and sworn or, in the case of a trial by the court without a jury, a witness is sworn."

Petitioner's claim predicated upon an anticipated Federal prosecution does not fall within either of these categories. Indeed, petitioner's argument that the State of New York cannot try him because a subsequent trial on the Federal indictment would violate the proscription against double jeopardy, would, if accepted, bar any New York trial on charges stemming from criminal activity for which a defendant is also under Federal indictment.

Accordingly, the petition pursuant to CPLR article 78, seeking to prohibit Justice John A.K. Bradley from presiding over, and respondent District Attorney Robert M. Morgenthau from prosecuting, petitioner Robert A. Altman on New York County Indictment No. 6994/92, on the grounds that petitioner has acquired immunity under the provisions of CPL 190.40 and constitutional protections against self-incrimination, and that said prosecution would violate petitioner's double jeopardy rights under CPL article 40, should be denied, the cross motion granted, and the proceeding dismissed, without costs.

Petitioner's motion for a stay is denied.

CARRO, J. P., ELLERIN and KUPFERMAN, JJ., concur.

Petition pursuant to CPLR article 78, seeking to prohibit Justice John A.K. Bradley from presiding over, and respondent District Attorney Robert M. Morgenthau from prosecuting, petitioner Robert A. Altman on New York County Indictment No. 6994/92, on the grounds that petitioner has acquired immunity under the provisions of CPL 190.40 and constitutional protections against self-incrimination, and that said prosecution would violate petitioner's double jeopardy rights under CPL article 40, denied, the cross motion granted, and the proceeding dismissed, without costs, and petitioner's motion for a stay is denied.