OPINION OF THE COURT
 

 Memorandum.
 

 The order of the Appellate Division should be reversed and the defendant’s motion to dismiss the indictment denied.
 

 
 *966
 
 On November 3, 1996, defendant was arraigned in Syracuse City Court on a felony complaint charging crimes of robbery and assault in the second degrees. On November 4, 1996 the prosecutor notified defendant, pursuant to CPL 190.50, that a Grand Jury proceeding would, take place and that defendant had a right to testify provided he waived immunity. On November 8, 1996, defendant notified the prosecutor of his intention to testify before the Onondaga County Grand Jury. On December 19, 1996, defendant appeared to testify before the Grand Jury accompanied by his attorney. Prior to entering the Grand Jury room, the prosecutor provided defendant and his attorney with an unexecuted waiver of immunity. Included among the waiver provisions was the statement:
 

 “I, Richard Stewart swear pursuant to the provisions of § 190.45 of the Criminal Procedure Law of the State of New York, and do hereby waive all immunity which I would otherwise obtain from indictment, prosecution, punishment, penalty or forfeiture for or on account of or relating to any transaction, matter or thing concerning which I may testify or produce evidence, documentary or otherwise, before the Grand Jury of the County of Onondaga, State of New York, or other proceedings, before any Judge or Justice, Court or other tribunal, conducting an inquiry or legal proceeding relating thereto.”
 

 Once inside the Grand Jury room, defendant acknowledged that both he and his attorney had reviewed the waiver, and that he wished to sign it. Thereafter, defendant signed the waiver of immunity in the presence of the Grand Jury and defendant’s attorney. The Grand Jury foreperson and defendant’s attorney also signed the waiver document, with the foreperson’s signature acknowledging the written oath. Defendant was then administered a testimonial oath, and testified concerning the charges. Ultimately, an indictment was returned.
 

 Prior to trial, defendant moved to dismiss the indictment upon the ground that he had been granted transactional immunity (CPL 190.40). While defendant admitted to signing the waiver, he claimed that the waiver had not been obtained in strict compliance with the requirements of CPL 190.45 (2) because he had never taken any oath before the Grand Jury as to the validity of its contents. Defendant claimed that the waiver was ineffective and immunity attached. Following a
 
 *967
 
 hearing on the merits, the trial court agreed and dismissed the indictment. On appeal, a divided panel of the Appellate Division affirmed. The majority, relying upon our decision in
 
 People v Higley
 
 (70 NY2d 624), rejected the argument that there had been substantial compliance with the requirements of the statute. In dissent, however, two Justices concluded that there had been literal compliance with the statute. We agree and reverse.
 

 CPL 190.45 (2) provides that “[a] waiver of immunity is not effective unless and until it is sworn to before the grand jury conducting the proceeding in which the subscriber has been called as a witness.” Under the statute, subscribing and swearing to the waiver of immunity before the Grand Jury are distinct acts that must occur for there to be a valid waiver. Where a waiver is deemed ineffective, a Grand Jury witness is rendered immune from prosecution for all acts or transactions that were the subject of his Grand Jury testimony (see,
 
 People v Higley,
 
 70 NY2d 624,
 
 supra; People v Chapman,
 
 69 NY2d 497). Here, the required undertaking of an oath as to the waiver was satisfied when defendant signed the waiver containing the oath in the presence of the Grand Jury. This present and unequivocal act was duly acknowledged by the Grand Jury foreperson, an individual empowered by statute to administer oaths to all witnesses who come before the Grand Jury (CPL 190.25 [2]).
 

 In
 
 People v Higley
 
 (70 NY2d 624,
 
 supra),
 
 this Court dismissed an indictment based upon the fact that the written waiver of immunity was executed outside the presence of the Grand Jury, and the waiver was neither sworn to nor ratified before the Grand Jury. Here, on the other hand, defendant’s signing of the waiver and his undertaking of an oath as to its contents occurred in the presence of the Grand Jury and was duly acknowledged by its foreperson. We therefore reject the contention that CPL 190.45 (2) required anything further.
 

 Chief Judge Kaye and Judges Bellacosa, Smith, Levine, Ciparick and Wesley concur in memorandum.
 

 Order reversed, etc.