OPINION OF THE COURT
Dan Lamont, J.
At about 5:45 a.m. on the 26th day of January 1998, defendant Charles E. Collins III allegedly committed the crime of criminal mischief in the second degree when he sprayed liquid chicken feces on the front exterior of the New York State Court of Appeals. The indictment alleges that the defendant Charles E. Collins III with intent to damage the property of another person, and having no right to do so nor any reasonable ground to believe that he had such right, did damage the New York *304 State Court of Appeals and one cloth tapestry by means of spraying a substance on the exterior of the building and the tapestry and that the amount of the damage caused by the defendant to said property was in excess of $1,500.
BACKGROUND
During the jury trial in December 1999, the defendant testified in his own behalf and contended during his testimony and through opening and closing arguments by his legal counsel: (1) that defendant was simply demonstrating his disapproval of the Family Court and the Court of Appeals and had no intent to damage the Court of Appeals; and (2) that defendant did not damage the Court of Appeals or the tapestry.
The evidence adduced at trial indicated that the exterior marble facade of the New York State Court of Appeals was not physically damaged, i.e., that no chips, cracks, structural harm, nor permanent stains were caused. The stench of the chicken feces resulted in the closure of the front entrance to the Court of Appeals for several business days, and necessitated a herculean clean-up effort in subfreezing temperatures which consisted of using a pressure washer with water and detergent to wash the exterior marble walls and columns. The purple and gold approximately 6-foot by 22-foot banner proclaiming the 150th anniversary of the Court of Appeals was removed and a new banner was thereafter purchased and hung.
DISCUSSION
The New York Criminal Jury Instructions for criminal mischief in the second degree do not specifically define the word “damage.” The Criminal Jury Instructions state that “[t]he amount of damage to property is determined by the cost of repair or the replacement of property whichever is less.” (1 CJI[NY] PL 145.10, at 145-1015 [2d ed].) Therefore, this court was required to: (1) define for the jury the term “damage property” — specifically, whether “damage” includes spraying property with a putrid substance which must necessarily be cleaned up; and (2) instruct the jury as to whether the “amount of damage” to property includes necessary clean-up costs.
 Random House Webster’s College Dictionary (2d ed), published in 1997, contains the following definition of “damage,” to wit: “Injury or harm that reduces value, or usefulness, etc.” Denzer and McQuillan, in their Practice Commentary to Penal Law § 145.00 (McKinney’s Cons Laws of NY, Book 39, at 378 [1967]) stated: “‘damage’ implies an injury or *305 harm to property that lowers its value or involves loss of efficiency.” Accordingly, this court held and determined that if spraying liquid chicken feces on the Court of Appeals reduced its usefulness or involved loss of efficiency, that would be sufficient for a jury to find damage. This court further determined that the amount of clean-up costs could be properly considered by the jury in determining the amount of damage to property.
CHARGE TO THE JURY
In accordance with the foregoing, this court on December 23, 1999 charged the jury as follows:
“The First count is Criminal Mischief in the Second Degree.
“Under our law, a person is guilty of Criminal Mischief in the Second Degree when with intent to damage property of another person, and having no right to do so nor any reasonable ground to believe that he has such right, that person damages property of another person in an amount exceeding one thousand five hundred dollars ($1,500.00).
“The term ‘intent’ as used in this definition has its own special meaning in our law. I will now give you the meaning of that term.
“Intent means a conscious objective or purpose. Thus, a person intends to damage property of another person when his conscious objective or purpose is to damage property of another person.
“The term ‘damage’ does not have its own special meaning in our law, and therefore has its ordinary meaning. Random House Webster’s College Dictionary: Second Edition, published in 1997, contains the following definition of Damage, to wit: ‘Injury or harm that reduces value, or usefulness * * *’ Thus, damage to property means injury or harm to real or personal property that reduces the value or usefulness of such property. Damage to property includes injury or harm to real or personal property that lowers its value or involves loss of efficiency.
“The ‘Amount of Damage’ to property is determined by the cost of repair of property or the cost of replacement of property, whichever is less. The cost of repair of property includes the cost of any necessary clean-up operations or procedures reasonably necessary in order to restore the property to its prior condition.” (Emphasis added.)
EPILOGUE
After approximately one hour and 30 minutes of delibera *306 tions, the jury rendered a verdict finding defendant guilty as charged of the crime of criminal mischief in the second degree, a class D felony.