■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHARLES E. COLLINS, III, Appellant. [733 NYS2d 289] —Spain, J. Appeal from a judgment of the Supreme Court (Lamont, J.), rendered February 18, 2000 in Albany County, upon a verdict convicting defendant of the crime of criminal mischief in the second degree.

Following a jury trial at which defendant was represented by

counsel, he was convicted of criminal mischief in the second degree for his premeditated use of a power sprayer to spread a watery substance containing chicken excrement on the front of the Court of Appeals Hall in the City of Albany. The incident occurred during the early morning hours of January 26, 1998 and was recorded on videotape. Defendant was sentenced to a term of imprisonment of 1⅓ to 4 years and ordered to pay restitution of $6,026.78. Defendant appeals, raising numerous claims, none of which has merit.

First, the record belies defendant's claim that he did not effectively waive the right to counsel at his arraignment in Albany City Court. The transcript of the colloquy between defendant and the court clearly reflects, *inter alia*, that defendant was advised of the nature of the charges against him and his right to an attorney, and that he declined assistance from the Public Defender's Office, unequivocally stating, "I will represent myself." Thereafter, County Court conducted an evidentiary hearing on defendant's *pro se* motion to dismiss the indictment, and correctly concluded that City Court had apprised defendant of his right to counsel and properly permitted defendant to proceed *pro se*. The testimony and evidence at the hearing fully support the conclusion that defendant was very knowledgeable about his rights as a defendant in a criminal proceeding and had knowingly and intelligently waived the right to counsel at the arraignment (*see, People v Vivenzio*, 62 NY2d 775, 776; *see also*, CPL 180.10 [3], [4], [5]; *People v Smith*, 92 NY2d 516, 520), a finding based, in part, on City Court's past dealings with this defendant wherein he demonstrated sophistication and extensive substantive knowledge in criminal matters (*see, People v Smith, supra*, at 520; *People v Vivenzio, supra*, at 776; *see also, People v Tortorici*, 249 AD2d 588, *affd* 92 NY2d 757, *cert denied* 528 US 834).

Second, defendant invoked his right to testify before the Grand Jury (*see*, CPL 190.50 [5]), acting *pro se*, and the Grand Jury minutes reflect that prior to testifying, defendant was apprised of his right to counsel (CPL 190.52 [1]), expressly waived that right under oath and, after the waiver of immunity was explained, defendant reviewed and then executed a written waiver of immunity (CPL 190.45 [1]) and then swore to it before the Grand Jury (CPL 190.45 [2]; *see, People v Stewart*, 92 NY2d 965). Defendant's contentions to the contrary notwithstanding, the evidence submitted at the hearing before County Court, including the Grand Jury minutes, established that defendant effectively waived his right to counsel (CPL 190.52 [1]) and executed a valid waiver of immunity (CPL 190.40 [2] [a]; 190.45

[1], [2]), which was submitted to the Grand Jury (CPL 190.50 [5] [b]).

Next, we reject defendant's claim that the evidence was legally insufficient to establish that he caused "damage[ ]" to the Court of Appeals property within the meaning of Penal Law § 145.10. Viewing the evidence in the light most favorable to the People (*see*, *People v Contes*, 60 NY2d 620, 621), we have no difficulty in concluding that the People proved beyond a reasonable doubt that defendant indeed intentionally "damage[d]" this property (Penal Law § 145.10). The testimony of Court of Appeals' employees established that the putrid stench from the sprayed substance lasted for months, required extensive cleaning and destroyed the Court's commemorative banner. Their testimony also demonstrated that the substance penetrated the building's facade, that the front door of the building was not usable for days after the assault and that the washing process in the freezing temperatures caused structural damage to the steps of the building.

While no statutory definition of "damages" is provided, it is commonly recognized that the term contemplates "injury or harm to property that lowers its value or involves loss of efficiency" and that only "slight" damage must be proved (Donnino, Practice Commentary, McKinney's Cons Laws of NY, Book 39, Penal Law § 145.00, at 103; *cf.*, *People v Hills*, 95 NY2d 947; *Matter of James William H.*, 32 AD2d 932; *compare*, *People v McDonald*, 68 NY2d 1, 13-14). Likewise, we find no error in Supreme Court's charge to the jury, *inter alia*, that "damages" means injury or harm to property which reduces its value or usefulness (183 Misc 2d 303, 304-305).

Further, the proof adduced at trial sufficiently established that the amount of "damages" to this property greatly exceeded the statutory threshold of $1,500 (Penal Law § 145.10), including the cost to rent and purchase equipment, the cost to replace the destroyed banner and the cost of labor to complete the prolonged and extensive cleaning process (*see*, *People v Bleakley*, 69 NY2d 490, 495). The testimony of the building manager adequately established the monetary value of the labor expended by the Court of Appeals' employees to restore the building, and we discern no error in the inclusion of this cost in the calculation of the amount of the damages to the building. To the extent that defendant challenges the verdict as contrary to the weight of the evidence, we conclude that, based on the overwhelming evidence adduced at trial, a different verdict would have been unreasonable, and reject this claim outright (*see*, *id.*, at 495).

With regard to defendant's contention that Penal Law § 145.10 is unconstitutionally vague in failing to provide notice that conduct such as his constitutes "damag[ing]" property, the statute is presumed to be valid and defendant has not met the heavy burden of demonstrating its unconstitutionality, either facially or as applied (*see, People v Bright*, 71 NY2d 376, 382). In our view, Penal Law § 145.10 provides ample notice to a person of ordinary intelligence that conduct such as covering a public building and its banner with excrement rendering the building unusable for days, and impairing its use for a prolonged period of time, "damages" the property and is prohibited, and the statute is not written so as to encourage arbitrary and discriminatory enforcement (*see, People v Shack*, 86 NY2d 529, 538; *cf., People v Dietze*, 75 NY2d 47, 50; *People v Bright, supra; see also, Kolender v Lawson*, 461 US 352, 357).

We have examined defendant's remaining arguments and determine that they lack merit.

Cardona, P. J., Peters, Carpinello and Mugglin, JJ., concur. Ordered that the judgment is affirmed.