■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSEPH D. GANNON, Appellant. [754 NYS2d 107] —Mercure, J.P. Appeal from a judgment of the County Court of Fulton County (Giardino, J.), rendered May 31, 2001, upon a verdict convicting defendant of the crime of attempted assault in the second degree.

Defendant was indicted on one count of assault in the second degree and one count of intimidating a victim or witness in the third degree after allegedly striking another inmate while incarcerated on unrelated charges. Following a jury trial, defendant was convicted of the lesser included offense of attempted assault in the second degree and sentenced to an indeterminate prison term of 2 to 4 years. On this appeal, defendant initially contends that he was denied his statutory right to a speedy trial. However, inasmuch as defendant did not make a CPL 30.30 motion until after his conviction at trial, this claim has been waived (see CPL 210.20 [2]; *People v Lawrence*, 64 NY2d 200, 203; *People v Denis*, 276 AD2d 237, 246-247, *lvs denied* 96 NY2d 782, 861).

We reject defendant's contention that there was insufficient evidence to support his conviction for attempted assault in the second degree. Viewing the evidence in the light most favorable to the People (see *People v Bleakley*, 69 NY2d 490, 495), we conclude that the testimony of two correction officers who saw defendant punch another inmate in the face is sufficient evidence that defendant intended to cause physical injury to another inmate and engaged in conduct tending to effect commission of that crime (see Penal Law §§ 110.00, 120.05 [7]; *see also People v Miller*, 290 AD2d 814, 815, *lv denied* 98 NY2d 678). Viewing this evidence in a neutral light, we similarly conclude that defendant's conviction was not against the weight of the evidence (see *People v Bleakley, supra* at 495).

Finally, defendant was properly sentenced as a second felony offender because, excluding his numerous intervening periods of incarceration (see Penal Law § 70.06 [1] [b] [v]), defendant's January 1989 conviction of assault in the second degree (see Penal Law § 120.05 [2]) occurred within the 10-year period preceding the September 7, 2000 commission of the present crime (see Penal Law § 70.06 [1] [b] [iv]). Defendant contends that his prior assault conviction cannot be considered a predicate felony because the People have failed to establish that he was the person incarcerated for the periods being excluded from the 10-year calculation. However, the records proffered by the People

pursuant to CPL 400.21 (2) demonstrate that a person with the identical name and identical date of birth as defendant was incarcerated for sufficient periods of time for defendant's 1989 conviction to be considered a predicate felony (*compare People v Dugan*, 188 AD2d 927, 928, *lv denied* 81 NY2d 839; *People v Vollick*, 148 AD2d 950, 951, *affd* 75 NY2d 877).

Crew III, Peters, Spain and Lahtinen, JJ., concur. Ordered that the judgment is affirmed.