■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT GADDY, Also Known as ROB TURNER, Appellant. [767 NYS2d 694]—

Rose, J. Appeal from a judgment of the County Court of Sullivan County (LaBuda, J.), rendered November 15, 2000, upon a verdict convicting defendant of the crimes of sexual abuse in the first degree and endangering the welfare of a child.

The 14-year-old victim testified that, after first encountering the 21-year-old defendant while socializing with friends, she was walking home along the side of a road in the evening when he caught up with her, grabbed her by the arms and threw her down into the grass. She described defendant as wearing a navy blue t-shirt, identified other articles of his clothing and stated that while he was on top of her, he touched her breasts under her shirt, placed his hand on her pants over her vaginal area, attempted to unbutton her pants while his own pants were unfastened and twice struck her in the face to keep her from crying out or fleeing, causing her lip to bleed. The victim ultimately succeeded in attracting the attention of Patricia Rogers, a passing motorist who testified that she saw a young man in a navy blue t-shirt on top of the victim in the grass, and stopped her car. The victim was then able to escape defendant's grasp and ran to Rogers's car, exclaiming that defendant had attempted to rape her. After being returned to her home by Rogers, the distraught victim described what happened to her mother, who called 911. In his testimony at trial, defendant denied having any sexual contact with the victim or being with her at the time and place of the alleged attack. He was convicted of sexual abuse in the first degree and endangering the welfare

of a child, and sentenced to concurrent prison terms of seven years and one year, respectively. He now appeals.

Although defendant contends that he was deprived of the effective assistance of counsel, our review of the record discloses no error that "so seriously compromises a defendant's right to a fair trial, [that] it will qualify as ineffective representation" (*People v Hobot*, 84 NY2d 1021, 1022 [1995]). The trial transcript reveals that defense counsel delivered cogent opening and closing statements, made appropriate objections and motions, and effectively cross-examined the victim and other witnesses. Viewed as a whole, "the defense reflects a reasonable and legitimate strategy under the circumstances and evidence presented" (*People v Benevento*, 91 NY2d 708, 712-713 [1998]; *see People v Baldi*, 54 NY2d 137, 147 [1981]).

Contrary to defendant's contention, the record also contains legally sufficient evidence to support his convictions (*see People v Smith*, 302 AD2d 677, 678-679 [2003], *lv denied* 100 NY2d 543 [2003]; *People v Sehn*, 295 AD2d 749, 751 [2002], *lv denied* 98 NY2d 732 [2002]; *People v Gray*, 201 AD2d 961, 962 [1994], *lv denied* 83 NY2d 1003 [1994]; *see also* Penal Law § 130.00 [3], [8]; § 130.65 [1]; § 260.10 [1]). Although defendant testified that he did not follow the victim home and was not with her at the time and place of the attack, the jury, not unreasonably, credited the testimony of the victim over that of defendant. Moreover, in view of the testimony of Rogers, who described a young man dressed as the victim had described defendant and positioned on all fours on top of her, the verdict is not against the weight of the evidence (*see People v Cobenais*, 301 AD2d 958, 961 [2003], *lv denied* 99 NY2d 653 [2003]).

Defendant's remaining contentions have been considered and found to be without merit.

Crew III, J.P., Spain, Mugglin and Lahtinen, JJ., concur. Ordered that the judgment is affirmed.