■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v OTTO B. CHASEY, Appellant. [772 NYS2d 629]—

Lahtinen, J. Appeal from a judgment of the County Court of St. Lawrence County (Nicandri, J.), rendered February 24, 2003, upon a verdict convicting defendant of the crime of attempted assault in the second degree.

Defendant allegedly struck a correction sergeant in the face with his fist while being escorted in St. Lawrence County Correctional Facility, where he was an inmate. He signed a waiver of immunity and testified in front of the grand jury regarding the incident. He was thereafter indicted on one count of attempted assault in the second degree. Following a jury trial, he was convicted of the charged crime and sentenced as a second felony offender to 20 to 40 months in prison. Defendant appeals.

Defendant argues that his waiver of immunity did not comply with CPL 190.45 and, therefore, his testimony before the grand jury resulted in immunity. We cannot agree. "[T]he required undertaking of an oath as to the waiver [is] satisfied when defendant sign[s] the waiver containing the oath in the presence of the Grand Jury" (*People v Stewart*, 92 NY2d 965, 967 [1998]). The grand jury minutes reveal that, after being informed of, among other things, his right to counsel, his right to remain silent and that his testimony could be used against him, defendant signed in the presence of the grand jury a two-page written waiver that, according to its terms, was "sworn to" before the grand jury foreperson. This was an effective waiver (*see id.* at 967; *People v Collins*, 288 AD2d 756, 757 [2001], *lv denied* 97 NY2d 752 [2002]; *see also People v Holmes*, 93 NY2d 889, 891 [1999]).

Defendant contends that the evidence was not legally sufficient to support the conviction. Viewing the evidence in the light most favorable to the prosecution (*see People v Gannon*, 301 AD2d 873, 873 [2003]), sufficient evidence was provided by the testimony of the sergeant who was struck and a correction officer who was present. Their testimony established that defendant turned around suddenly while being escorted and, with a closed fist, struck the sergeant in the face, knocking off his

glasses and causing a bruise on his face. Moreover, reviewing the evidence in a neutral light, including weighing the testimony of defendant and the witness he called, as well as the other trial evidence, we are unpersuaded that the verdict was against the weight of the evidence (*see People v Bleakley*, 69 NY2d 490, 495 [1987]).

Nor are we persuaded by defendant's claim that he did not receive the effective assistance of counsel. While defense counsel's representation was not perfect, the appropriate standard is not perfection but whether meaningful representation was afforded (*see People v Henry*, 95 NY2d 563, 565-566 [2000]; *People v Modica*, 64 NY2d 828, 829 [1985]). The record reflects that counsel made appropriate motions, cross-examined witnesses, made numerous objections at trial and produced a witness in support of defendant's position. Viewed as a whole, defendant failed to meet his burden of establishing that the representation was not meaningful (*see People v Taylor*, 1 NY3d 174 [2003]; *People v Gaddy*, 2 AD3d 891, 892 [2003]).

Cardona, P.J., Crew III, Carpinello and Rose, JJ., concur. Ordered that the judgment is affirmed.