■ In the Matter of JOSHUA ROSATO, Petitioner, v FREDERICK G. REED, as Ontario County Court Judge, et al., Respondents. [787 NYS2d 543]—

Proceeding pursuant to CPLR article 78 (initiated in the Appellate Division of the Supreme Court in the Fourth Judicial Department pursuant to CPLR 506 [b] [1]) to prohibit respondents from prosecuting petitioner in the Ontario County Court under Indictment No. 04-04-064.

It is hereby ordered that said petition be and the same hereby is unanimously dismissed without costs.

Memorandum: Petitioner commenced this original proceeding pursuant to CPLR article 78 to prohibit his prosecution under Indictment No. 04-04-064 on the ground that he is immune from prosecution based upon his testimony before the grand jury (*see* CPL 190.45, 190.50). As petitioner properly contends, prohibition lies where, as here, a petitioner claims that a prosecution is improper because it is barred by immunity (*see Matter of Rush v Mordue*, 68 NY2d 348, 355 [1986]; *Matter of Altieri v*

*Holden*, 231 AD2d 369, 371-372 [1997]; *Matter of Altman v Bradley*, 184 AD2d 131, 133 [1992], *appeal dismissed and lv denied* 81 NY2d 775 [1993]).

We conclude, however, that the petition must be dismissed. Contrary to the contention of petitioner, the mere fact that he answered a question about his address before signing the waiver of immunity does not confer immunity upon him. Although the crimes allegedly occurred at petitioner's residence, geographical jurisdiction is not an element of the crimes but, rather, is a question of venue (*see* CPL 20.40; *People v Chaitin*, 94 AD2d 705 [1983], *affd* 61 NY2d 683 [1984]; *People v Patterson*, 185 Misc 2d 519, 521 [2000]; *see generally People v McLaughlin*, 80 NY2d 466, 471 [1992]). Therefore, that answer did not prove any "part or feature" of the crimes (*Matter of Doyle*, 257 NY 244, 256 [1931]; *cf. People v Williams*, 81 AD2d 418, 425-426 [1981], *affd* 56 NY2d 916 [1982]; *Matter of Carey v Kitson*, 93 AD2d 50, 60 [1983], *lv denied* 60 NY2d 553 [1983]). That answer also did not place petitioner at the scene of the crimes at the time of the crimes, and thus that one answer did not constitute "a 'link' in the 'chain of facts' against [petitioner]" (*Williams*, 81 AD2d at 424; *cf. People ex rel. Coyle v Truesdell*, 259 App Div 282, 285-286 [1940]).

Contrary to the further contentions of petitioner, there was a sworn waiver of immunity (*see People v Stewart*, 92 NY2d 965, 967 [1998]; *People v Chasey*, 5 AD3d 815, 816 [2004], *lv denied* 2 NY3d 797 [2004]), and it was submitted to the grand jury. In any event, submission of the waiver of immunity is not a prerequisite to the waiver's validity but, rather, is a prerequisite to petitioner's testimony (*compare* CPL 190.45, *with* CPL 190.50 [5] [b]). Finally, we conclude that there was "literal compliance" with the requirements of section 190.45 (3) (*Stewart*, 92 NY2d at 967). Present—Green, J.P., Pine, Hurlbutt, Martoche and Smith, JJ.