■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v INSSA MANE, Appellant. [853 NYS2d 410]—

Kavanagh, J.

Early in the morning of April 4, 2004, defendant, without permission, entered four different apartments occupied by female college students, some of whom awoke to find him in their bedrooms. In one instance, defendant attempted to force one of the students to perform a sexual act. Defendant was subsequently convicted after a jury trial of eight of the nine counts in the indictment, and that judgment of conviction was affirmed on appeal (36 AD3d 1079 [2007], *lv denied* 8 NY3d 987 [2007]). While the direct appeal of defendant's judgment of conviction was pending before this Court, defendant moved pursuant to CPL 440.10 to vacate the judgment in County Court claiming that he did not properly execute a waiver of immunity when he testified before the grand jury and, as a result, he received transactional immunity from prosecution for any crimes that were the subject of that presentation. County Court denied that motion and defendant appeals, by permission, from that order.

Defendant's claim that he did not give a knowing and intelligent waiver of immunity because of his inability to understand the English language could have been raised in his direct appeal and, moreover, his failure to move to dismiss the indictment prior to trial or to set aside the verdict prior to sentencing precludes a review of this issue by this Court (*see People v Haggins*, 148 AD2d 987 [1989], *lv denied* 74 NY2d 664 [1989]; *People v Hodge*, 141 AD2d 843 [1988], *lv denied* 72 NY2d 1046 [1988]).

Nor is reversal in the interest of justice warranted here because defendant knowingly and intelligently waived immunity prior to giving testimony before the grand jury. Not only were his counsel and an interpreter present when the waiver of immunity was first explained to defendant, but defendant, with the aid of the interpreter, acknowledged—in the presence of counsel as well as the foreperson of the grand jury—that he had reviewed the waiver with his counsel, understood its contents

and knew that he would not be allowed to testify before the grand jury without giving up his rights as delineated in the waiver document, which he signed (*see People v Chasey*, 5 AD3d 815, 816 [2004], *lv denied* 2 NY3d 797 [2004]; *People v Collins*, 288 AD2d 756, 757 [2001], *lv denied* 97 NY2d 752 [2002]).

Moreover, the record reveals that defendant was afforded the effective assistance of counsel and obtained meaningful representation throughout this proceeding (*see People v Benevento*, 91 NY2d 708, 714-715 [1998]).

Mercure, J.P., Peters, Carpinello and Rose, JJ., concur. Ordered that the order is affirmed.