People v Sloley (2020 NY Slip Op 00328)





People v Sloley


2020 NY Slip Op 00328


Decided on January 16, 2020


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: January 16, 2020

109779 110085

[*1]The People of the State of New York, Respondent,
v
Maxmillian Sloley, Appellant.

Calendar Date: December 18, 2019

Before: Garry, P.J., Egan Jr., Aarons, Pritzker and Colangelo, JJ.


David E. Woodin, Catskill, for appellant, and appellant pro se.
Joseph Stanzione, District Attorney, Catskill (Denise J. Kerrigan of counsel), for respondent.



Aarons, J.
Appeals (1) from a judgment of the County Court of Greene County (Wilhelm, J.), rendered January 24, 2017, upon a verdict convicting defendant of the crimes of criminal possession of a weapon in the second degree, unlawful fleeing from a police officer in a motor vehicle in the third degree and reckless driving, and (2) by permission, from an order of said court, entered January 25, 2018, which denied defendant's motion pursuant to CPL 440.10 to vacate the judgment of conviction, without a hearing.
In 2016, law enforcement officials pursued defendant when he fled after being stopped for driving at a high rate of speed in Greene County. During the pursuit, defendant drove behind a building located at 2 Van Dyck Street and was out of the view of the chasing police officer. Defendant later reappeared but crashed into an embankment. A search of the area behind 2 Van Dyck Street was conducted and a handgun was discovered. In connection with this incident, defendant was charged in a multicount indictment with various crimes. Following a jury trial, defendant was convicted of criminal possession of a weapon in the second degree, unlawful fleeing from a police officer in a motor vehicle in the third degree and reckless driving.[FN1] County Court sentenced defendant, as a second violent felony offender, to concurrent prison terms, the greatest of which was 14 years followed by five years of postrelease supervision. Defendant, pro se, subsequently moved pursuant to CPL 440.10 to vacate the judgment of conviction. In a January 2018 order, the court denied the motion without a hearing. These appeals ensued.
Defendant contends that the verdict with respect to his conviction of criminal possession of a weapon in the second degree was against the weight of the evidence.[FN2] As relevant here, the People were required to prove that defendant possessed "any loaded firearm" in a place other than his home or place of business (Penal Law § 265.03 [3]). "[A] defendant may be found to possess a firearm . . . through constructive possession," which requires "proof that the defendant exercised dominion or control over the property by a sufficient level of control over the area in which the contraband is found" (People v McCoy, 169 AD3d 1260, 1262 [2019] [internal quotation marks and citation omitted], lv denied 33 NY3d 1033 [2019]). It is not necessary that the defendant have exclusive access to the area where the loaded firearm was discovered (see People v Jemmott, 164 AD3d 953, 956 [2018], lv denied 32 NY3d 1112 [2018]). "[C]onstructive possession may be established through circumstantial evidence" (id.).
At trial, a deputy sheriff with the Greene County Sheriff's Department testified that he stopped defendant after observing him speeding. A state trooper also subsequently arrived at the traffic stop and provided assistance. While the trooper was interviewing defendant, the deputy sheriff returned to his vehicle to write a traffic ticket. Defendant then fled the scene. The deputy sheriff pursued defendant, who eventually proceeded down a dead-end street. The deputy sheriff stopped his vehicle and saw defendant drive around the rear of a building located at 2 Van Dyck street. The deputy sheriff could not see defendant when he drove behind 2 Van Dyck Street, but explained that this area had room for one vehicle and was between a fence and a wooded area. When defendant reappeared from the rear of 2 Van Dyck Street, his car subsequently became stuck in an embankment. Defendant was then removed from his car and handcuffed.
The deputy sheriff stated that he believed defendant might have bailed from his car when he went behind 2 Van Dyck Street because it took defendant approximately one minute to drive behind 2 Van Dyck Street and then reemerge on the other side. According to the deputy sheriff, this time was "too long." The deputy sheriff testified that, as he canvassed the area, a tenant of 2 Van Dyck Street informed him that a hat, which did not belong to him, was on the premises and had not been there earlier in the day.[FN3] Another deputy sheriff, who was assigned to the canine unit, arrived at the scene and, with the assistance of a canine, discovered a handgun in the surrounding wooded area. The handgun was located approximately 12 to 16 feet from the hat and it appeared relatively clean and not weathered. DNA samples taken from the handgun, as well as the hat, matched defendant's DNA.
Initially, we conclude that a different result would not have been unreasonable given that no witness testified that he or she saw defendant possessing the gun. Nevertheless, viewing the evidence in a neutral light, we cannot say that the verdict regarding the conviction of criminal possession of a weapon in the second degree was against the weight of the evidence (see People v McCoy, 169 AD3d at 1264; People v Cherry, 149 AD3d 1346, 1347 [2017], lv denied 29 NY3d 1124 [2017]; People v Hernandez, 89 AD3d 1123, 1125 [2011], lvs denied 20 NY3d 1099 [2013]). Defendant claims that the testimony of the People's witnesses was false and that these witnesses were incredible. It is within the province of the jury, however, to resolve credibility issues, and we defer to its determination of such issues (see People v Linares, 167 AD3d 1067, 1070 [2018], lv denied 33 NY3d 950 [2019]; People v Jemmott, 164 AD3d at 955). We also reject defendant's claim that the collection of the hat and handgun was improper and led to the cross contamination of DNA. Various witnesses testified as to how the hat and handgun were collected and secured, and the jury apparently credited this testimony.
Defendant contends that County Court erred in allowing the People to use part of his grand jury testimony as part of their case-in-chief. Although defendant raised an objection at trial, the specific ground of his objection differs from what he now argues on appeal. Accordingly, defendant's contention is unpreserved (see People v Osuna, 65 NY2d 822, 824 [1985]; People v West, 56 NY2d 662, 663 [1982]; People v Reyes, 292 AD2d 317, 317 [2002], lv denied 98 NY2d 680 [2002]).[FN4] For this reason, defendant's assertion that the People's application for a DNA sample should not have been granted is also unpreserved.
We are unpersuaded by defendant's argument that County Court erred in sentencing him as a second violent felony offender. A person is considered a second violent felony offender "when he or she stands convicted of a violent felony and was previously convicted of a violent felony for which sentence was imposed not only before commission of the present felony, but also within 10 years before commission of the present felony" (People v Thompson, 26 NY3d 678, 686 [2016] [internal quotation marks, brackets, ellipsis and citation omitted]). "In calculating this 10-year look-back period, any period of time during which the person was incarcerated for any reason between the time of commission of the previous felony and the time of commission of the present felony shall be excluded and such 10-year period shall be extended by a period or periods equal to the time served under such incarceration" (People v Meckwood, 86 AD3d 865, 867 [2011] [internal quotation marks, brackets and citation omitted], affd 20 NY3d 69 [2012]). Defendant was previously convicted of criminal possession of a weapon in the third degree in August 1997 — the predicate conviction for the second violent felony offender status. Defendant was also convicted of other crimes in 1997 and 2003, and the record reflects that he was incarcerated for over 10 years for these convictions, as well as the conviction for criminal possession of a weapon in the third degree. In view of the foregoing, we conclude that the court correctly extended the 10-year look-back period by factoring the period when defendant was incarcerated for other crimes (see Penal Law § 70.04 [1] [b] [iv], [v]) and sentenced defendant as a second violent felony offender.
Turning to defendant's motion to vacate the judgment of conviction, defendant argues that he received ineffective assistance of counsel based upon advice given by his counsel who had represented him during the grand jury stage. Specifically, defendant alleges that his counsel initially advised him, prior to testifying before the grand jury, that he did not know whether his grand jury testimony could be used at trial, and then later advised him that he did not believe so. Even assuming that such advice was given, we find that defendant's claim is belied by the record. The grand jury proceeding discloses that, immediately before defendant testified, he was made aware of the fact that his grand jury testimony could be used in a future proceeding. Defendant was also provided with a waiver of immunity, which stated that his grand jury testimony could be used against him in any investigation or legal proceeding and that he had the right to confer with his counsel prior to executing the waiver. Defendant acknowledged that he understood the contents of the waiver of immunity and executed it. Given that defendant's waiver of immunity was made knowingly and intelligently (see People v Mane, 49 AD3d 964, 965-966 [2008], lv dismissed 10 NY3d 961 [2008]), we are unpersuaded by his claim of ineffective assistance of counsel (see People v Petgen, 92 AD2d 693, 693-694 [1983]).
Defendant also argues that a conflict of interest was created because the judge presiding over his trial previously served as the District Attorney when he was prosecuted on an unrelated matter. Such fact by itself, however, does not require a judge's recusal (see People v Curkendall, 12 AD3d 710, 714 [2004], lv denied 4 NY3d 743 [2004]; People v Jones, 143 AD2d 465, 466-467 [1988]). Moreover, the record does not demonstrate any bias or partiality exhibited by the judge (see People v Marrero, 30 AD3d 637, 638 [2006]). Defendant further contends that a conflict of interest arose regarding the District Attorney who prosecuted the case. Even if we agreed with defendant that a conflict existed, defendant still failed to show "actual prejudice arising from a demonstrated conflict of interest or a substantial risk of an abuse of confidence" (People v Arbas, 85 AD3d 1320, 1322 [2011] [internal quotation marks and citation omitted], lv denied 17 NY3d 813 [2011]). Nor do we agree with defendant that reversal is required based upon an alleged conflict of interest with his prior counsel (see generally People v Lombardo, 61 NY2d 97, 103 [1984]). Defendant's grievances with respect to the grand jury proceedings are either unsupported by the record or without merit. Defendant's contention that the indictment was defective is likewise without merit.
Finally, defendant contended in his motion to vacate the judgment of conviction that the sentence was harsh and excessive. Such claim, however, is not a proper subject of a CPL 440.10 motion (see People v Currier, 137 AD3d 1428, 1429 [2016], lv denied 27 NY3d 1131 [2016]). To the extent that defendant challenges the severity of his sentence in his direct appeal, we find no abuse of discretion or extraordinary circumstances warranting a reduction in the interest of justice (see People v Nelson, 128 AD3d 1225, 1228 [2015], lv denied 26 NY3d 1041 [2015]). The arguments in defendant's pro se supplemental brief, to the extent not specifically discussed herein, are unpreserved.
Garry, P.J., Egan Jr., Pritzker and Colangelo, JJ., concur.
ORDERED that the judgment and order are affirmed.



Footnotes

Footnote 1: Defendant represented himself at trial and standby counsel was available.

Footnote 2: To the extent that defendant asserts that the evidence was not legally sufficient to support this conviction, such assertion is unpreserved for our review because defendant did not renew his motion to dismiss at the close of all proof (see People v Henry, 169 AD3d 1273, 1273 n [2019], lv denied 33 NY3d 1070 [2019]).

Footnote 3: The People offered a portion of defendant's grand jury testimony wherein he stated that he told an investigator that it was possible that he lost a hat during the chase.

Footnote 4: Even if preserved, the claim is without merit (see People v Halm, 180 AD2d 841, 843 [1992], affd 81 NY2d 819 [1993]).