■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HAROLD FREDERICKS, Appellant. [829 NYS2d 78]—

Judgment, Supreme Court, New York County (Carol Berkman, J.), rendered April 20, 2005, convicting defendant, upon his plea of guilty, of criminal possession of a controlled substance in the fourth degree, and sentencing him, as a second felony offender, to a term of 3 to 6 years, unanimously affirmed.

We reject defendant's argument that he was entitled to a hearing on his claim that physical evidence recovered from his person following his trespass arrest (*see* Penal Law § 140.05) should be suppressed as a product of racially discriminatory law enforcement in violation of the Equal Protection clauses of the federal and state constitutions. While "[d]iscriminatory law enforcement has no place in our law" (*People v Robinson*, 97 NY2d 341, 352 [2001]), suppression of evidence is not a recognized remedy for such an illegality (*see id.*; *see also United States v Chavez*, 281 F3d 479, 486-487 [5th Cir 2002]). Instead, the law provides civil remedies for this type of violation (*see Brown v State of New York*, 89 NY2d 172, 189-192 [1996]). In any event, even if we were to conclude that suppression of evidence is an available remedy, we would find that defendant's moving papers were insufficient to set forth an equal protection claim (*see generally Washington v Davis*, 426 US 229, 239-242 [1976]). Concur—Andrias, J.P., Marlow, Williams, Buckley and Malone, JJ.