■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALBERT L. BUTCHER, Appellant. [830 NYS2d 844]—

Rose, J. Appeal from a judgment of the County Court of Chemung County (Hayden, J.), rendered August 26, 2005, upon a verdict convicting defendant of the crimes of driving while ability impaired by drugs, aggravated unlicensed operation of a motor vehicle in the first degree and petit larceny.

Defendant appeals only so much of the verdict following a jury trial as found him guilty of driving while ability impaired by drugs. Viewing the evidence in a neutral light and giving due deference to the jury's credibility determinations, we are not persuaded by his contention that his conviction is against the weight of the evidence. Although the police officer who administered a horizontal gaze nystagmus test conceded that he had previously reported that defendant tested positive for narcotics, rather than nystagmus, the officer's credibility concerning this discrepancy was thoroughly explored on cross-examination (*see People v Hamm*, 29 AD3d 1079, 1080 [2006]). While defendant maintains that his erratic driving was the result of his attempts to avoid pursuit, rather than due to his consumption of drugs, it does not appear that the jury failed to give the evidence the weight it should have been accorded (*see People v Bleakley*, 69 NY2d 490, 495 [1987]).

Nor do we find merit in defendant's contention that his statement admitting that he had been smoking crack cocaine should have been suppressed. After defendant was stopped, he exited his car and attempted to walk away. The police officer on the scene immediately placed defendant in custody and made initial roadside inquiries to assess the situation. These questions clearly were "designed to clarify the nature of the situation confronted, rather than to coerce a statement" (*People v Huffman*, 41 NY2d 29, 34 [1976]; *People v Brand*, 13 AD3d 820, 822 [2004], *lv denied* 4 NY3d 851 [2005]; *People v Prue*, 8 AD3d 894, 897 [2004], *lv denied* 3 NY3d 680 [2004]).

Finally, defendant's blood sample was withdrawn under the

supervision of the emergency room physician who authorized it in compliance with Vehicle and Traffic Law § 1194 (4) (a) (1) (ii). Contrary to defendant's contention, there was no need for the supervising physician to put aside her other duties to observe the phlebotomist perform the procedure (*see People v Moser*, 70 NY2d 476, 478 [1987]; *cf. People v Griesbeck*, 17 AD3d 717, 717 [2005]).

Crew III, J.P., Mugglin, Lahtinen and Kane, JJ., concur. Ordered that the judgment is affirmed.