THIRD DEPARTMENT, DECEMBER, 2010

(December 2, 2010)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RENEE HOUGHTALING, Appellant. [912 NYS2d 155]—

Lahtinen, J. Appeal from a judgment of the County Court of Albany County (Herrick, J.), rendered August 6, 2007, upon a verdict convicting defendant of the crime of falsifying business records in the first degree.

From 1998 to 2005, defendant, together with family members and others, allegedly engaged in an elaborate scheme whereby they intentionally caused over 20 motor vehicle accidents at various places in Albany County. They would then, among other

things, create various documents following each accident that were submitted to insurance companies to obtain payments for nonexistent or grossly exaggerated costs and expenses. While assorted strategies were purportedly used to accomplish their goal, the one relevant on appeal allegedly occurred as follows: defendant knew of a one-way entrance to off-street businesses on Central Avenue in the City of Albany that drivers frequently used as an exit (briefly going the wrong way); her husband waited in a vehicle near that place in the early morning hours on May 6, 2001 until he saw a driver attempting to exit through the one-way entrance; he then purposely drove into the driver causing an accident (for which the other driver appeared at fault); thereafter, among other things, defendant created a receipt for fictitious vehicle rental charges that was submitted to and paid by the other driver's insurance.

In 2006, a grand jury indicted defendant and seven codefendants in a 72-count superceding indictment* for sundry crimes arising from their purported conduct. One codefendant, Willie Cook, cooperated with the prosecution and five codefendants were eventually tried together. Following a lengthy trial, defendant and her husband (codefendant Joseph Houghtaling) were each convicted of only count 12, which charged falsifying business records in the first degree flowing from the May 6, 2001 incident. The jury acquitted on all other charges. Defendant was sentenced to one year in jail and now appeals.

Defendant contends that count 12 of the indictment was factually insufficient and should have been dismissed as vague and duplicitous. This issue was not properly preserved for review since defendant did not make a motion to dismiss upon such grounds until trial and, thus, the motion was manifestly untimely (*see People v Davidson*, 98 NY2d 738, 739 [2002]; *People v Clark*, 51 AD3d 1050, 1052 [2008], *lv denied* 10 NY3d 957 [2008]; *People v Stabb*, 9 AD3d 738, 739 [2004], *lv denied* 3 NY3d 712 [2004]; *People v Morey*, 224 AD2d 730, 731 [1996], *lv denied* 87 NY2d 1022 [1996]). The time restrictions for filing a motion to dismiss "are not casual" (*People v Davidson*, 98 NY2d at 739; *see People v. Jackson*, 48 AD3d 891, 893 [2008], *lv denied* 10 NY3d 841 [2008]), and we decline to exercise our interest of justice jurisdiction as to this unpreserved argument (*see People v Adamson*, 47 AD3d 318, 322 n 5 [2007], *lv denied* 10 NY3d 807 [2008]; *People v Vanderpool*, 217 AD2d 716, 717 [1995], *lv denied* 86 NY2d 847 [1995]).

We are unpersuaded by defendant's assertion that the verdict

---

* Defendant was named in 46 of the counts. The count charging enterprise corruption (*see* Penal Law § 460.20 [1] [a]) set forth 68 alleged pattern acts.

was not supported by legally sufficient evidence. A jury's verdict will be upheld as legally sufficient if, viewed in the light most favorable to the People, the evidence demonstrates a valid line of reasoning and permissible inferences that could lead a rational person to the conclusion reached by the jury (*see People v Ramirez*, 15 NY3d 824, 825 [2010]; *People v Bleakley*, 69 NY2d 490, 495 [1987]; *People v Contes*, 60 NY2d 620, 621 [1983]). Establishing the crime of falsifying business records in the first degree, as alleged here, required the People to prove that defendant, with intent to defraud, made or caused a false entry in the business records of an enterprise and that defendant's intent to defraud included an intent to commit, aid or conceal the commission of another crime (*see* Penal Law § 175.10; *People v Kisina*, 14 NY3d 153, 158 [2010]; *People v Bloomfield*, 6 NY3d 165, 170 [2006]).

The People produced proof that the May 6, 2001 accident was staged for the purpose of submitting false documents to an insurer in order to procure funds from that insurer. After the staged accident, defendant submitted to the insurer, among other things, a handwritten receipt reflecting rental charges from Cook (the codefendant who cooperated with the prosecution) for a pickup truck of $45 per day for a total of $1,485. Defendant created the document and signed Cook's name. When the insurance adjuster refused the handwritten note, defendant created a document on her computer with the rental charges purportedly from "W-Cees" (a business name Cook had previously used) and faxed it to the adjuster. Defendant acknowledged such conduct in her testimony, but claimed that she and/or her husband had actually incurred such rental costs and that Cook gave her permission to use his name. Cook testified that he did not give such permission and there was proof indicating no legitimate rental costs. This created credibility issues for the jury. The insurance adjuster testified to receiving the documents created by defendant and, as a result, the insurance company remitted payment to defendant for the total in the rental invoice. The adjuster stated that other payments related to the accident were also made to defendant or her husband. Viewed most favorably to the People, a rational jury could have concluded that defendant committed the crime of falsifying a business record in the first degree (*see People v Kisina*, 14 NY3d at 158-160; CJI2d[NY] Penal Law § 175.10).

The fact that defendant was acquitted of other counts, including count 11 charging insurance fraud as to the May 6, 2001 accident, does not compel the conclusion that her conviction on count 12 was not based on legally sufficient evidence. "The jury

could . . . convict defendant of falsifying business records if the jury concluded that defendant had the intent to commit or conceal another crime, even if [she] was not convicted of the other crime" (*People v McCumiskey*, 12 AD3d 1145, 1146 [2004]; *see People v Saxton*, 75 AD3d 755, 759 [2010]; *see also People v Taveras*, 12 NY3d 21, 27 [2009] ["Read as a whole, it is clear that falsifying business records in the second degree is elevated to a first-degree offense on the basis of an enhanced intent requirement . . . not any additional actus reus element"]).

Further, defendant's contention that the evidence was insufficient because Cook's accomplice testimony was not adequately corroborated is without merit. There was ample proof—including defendant's own testimony and the documents submitted to the insurer—"to satisfy the minimal requirements of the accomplice corroboration statute" (*People v Jones*, 85 NY2d 823, 825 [1995]; *see People v Caban*, 5 NY3d 143, 155 [2005]; *People v Besser*, 96 NY2d 136, 143-144 [2001]).

The remaining arguments do not require extended discussion. Since defendant failed to object to County Court's instructions to the jury as to count 12, her argument regarding the court's instructions was not preserved for review (*see e.g. People v Brunson*, 68 AD3d 1551, 1553 [2009], *lv denied* 15 NY3d 748 [2010]; *People v Dallas*, 58 AD3d 1019, 1021 [2009], *lv denied* 12 NY3d 815 [2009]) and, in any event, we find no reversible error in regard thereto. The misconduct by the prosecutor was appropriately addressed by County Court and, in light of the remedy fashioned by the court, defendant was not deprived of a fair trial (*see People v Sleasman*, 24 AD3d 1041, 1043 [2005]). Finally, although defendant did not have a criminal record, her sentence of one year in jail—less than the maximum permissible—was not an abuse of discretion and there are no extraordinary circumstances meriting a reduction of the sentence (*see generally People v Kennedy*, 75 AD3d 766, 768 [2010], *lv denied* 15 NY3d 853 [2010]).

Peters, J.P., Spain, Kavanagh and Garry, JJ., concur. Ordered that the judgment is affirmed, and matter remitted to the County Court of Albany County for further proceedings pursuant to CPL 460.50 (5).