(March 31, 2011)

■ The People of the State of New York, Respondent, v Joseph Houghtaling Jr., Also Known as Anthony J. Houghtaling, Appellant. [922 NYS2d 579]—

Lahtinen, J.

The underlying facts are set forth more fully in our decision addressing the appeal of defendant's former spouse (hereinafter codefendant), who was tried with defendant and others for their role in staging motor vehicle accidents in Albany County to collect nonexistent or grossly exaggerated costs from insurance companies (*People v Houghtaling*, 79 AD3d 1155 [2010]). Following a lengthy jury trial on 72 counts, defendant and the codefendant were each convicted of only count 12, which charged falsifying business records in the first degree pertaining to an accident on May 6, 2001. Defendant was sentenced as a second felony offender to the maximum prison term of 2 to 4 years. He now appeals.

We affirm. Defendant's arguments as to the factual sufficiency of count 12 and the alleged prosecutorial misconduct

were addressed in the appeal of the codefendant (*id.* at 1156-1158). After considering defendant's arguments on these issues, we are unpersuaded that any reason has been set forth such that these issues should be decided differently in his appeal than in the codefendant's appeal.

Defendant contends that the verdict was against the weight of the evidence. Where, as here, a different verdict would not have been unreasonable, we view the evidence in a neutral light and "weigh the relative probative force of conflicting testimony and the relative strength of conflicting inferences that may be drawn from the testimony" (*People v Bleakley*, 69 NY2d 490, 495 [1987] [internal quotation marks and citations omitted]; *see People v Danielson*, 9 NY3d 342, 348 [2007]). There was ample proof of each element of the crime (*People v Houghtaling*, 79 AD3d at 1157) and defendant's involvement was established by, among other proof, testimony of the codefendant. The contention that the acquittal of other counts fatally eroded the conviction on count 12 was rejected under legal sufficiency analysis (*id.* at 1157-1158) and, upon weighing the proof, we find it unavailing when considered in weight of the evidence analysis. Defendant challenges the credibility of some of the witnesses; particularly the testimony of Willie Cook, another codefendant who cooperated with the prosecution. However, we discern no reason in this record not to accord deference to the jury's credibility determinations (*see People v Romero*, 7 NY3d 633, 644 [2006]; *People v Bleakley*, 69 NY2d at 495; *People v Butcher*, 38 AD3d 942, 943 [2007], *lv denied* 9 NY3d 841 [2007]). Having viewed the evidence in a neutral light and weighed the proof in the record, we find that the verdict is not against the weight of the evidence.

Defendant next asserts that his sentence was harsh and excessive. "Absent a clear abuse of discretion or the existence of extraordinary circumstances, a trial court's exercise of discretion in imposing what it considers to be an appropriate sentence will not be disturbed" (*People v Elliot*, 57 AD3d 1095, 1097 [2008], *lv denied* 12 NY3d 783 [2009] [internal quotation marks and citations omitted]; *see People v Williamson*, 77 AD3d 1183, 1185-1186 [2010]). Defendant has failed to show extraordinary circumstances or that County Court abused its discretion. As noted by the court, the minimum available sentence under the circumstances was 1½ to 3 years, which was not considerably less than the maximum of 2 to 4 years. Moreover, defendant's prison term did not exceed the term offered in a pretrial plea and, unlike the plea offer, defendant's sentence did not require him to pay restitution. We are unpersuaded to disturb the sentence.

We have considered defendant's remaining contentions and find them to be without merit.

Spain, J.P., Garry and Egan Jr., JJ., concur. Ordered that the judgment is affirmed, and matter remitted to the County Court of Albany County for further proceedings pursuant to CPL 460.50 (5).