*42 OPINION OF THE COURT
Memorandum.
Ordered that the judgment of conviction is reversed, on the law, and the accusatory instrument is dismissed.
On September 24, 2009, the People charged defendant with attempted endangering the welfare of a child (Penal Law §§ 110.00; 260.10 [1]). According to the People’s witnesses at a nonjury trial, defendant, a school bus driver, had entered the school building to report for work in what, school officials suspected, was a state of intoxication. Defendant was escorted to a principal’s office. His eyes were red and watery, there was an odor of an alcoholic beverage on his breath, his speech was “slightly” slurred, and he appeared “fidgety.” The police were called, and defendant was arrested. Defendant admitted having taken Nyquil (cf. Vehicle and Traffic Law § 509-l), apparently for a cold. One hour and 45 minutes after his arrest, defendant performed a series of physical sobriety tests, and a chemical test of his blood alcohol content produced a reading of .037 of one per centum by weight. However, the testing instrument indicated that the breath sample was inadequate for an accurate reading, and there was testimony that defendant had intentionally provided an inadequate breath sample. After reviewing the videotape of the sobriety tests, the Criminal Court concluded that defendant appeared in control of his cognitive faculties and motor coordination but, crediting the testimony as to defendant’s appearance at the school and accepting the chemical test results, convicted defendant of the offense.
On appeal, as was the case at trial, defendant challenges the legal sufficiency of the proof that he attempted to endanger the welfare of a child. We agree that the trial evidence was legally insufficient to support the conviction.
If the evidence of defendant’s appearance and conduct merited a finding beyond a reasonable doubt that his ability to operate a vehicle was impaired (see Vehicle and Traffic Law § 1192 [1]), proof of his operation of a vehicle in such a condition, with a child passenger, standing alone, would not be legally sufficient to establish the offense of endangering the welfare of a child (People v Chase, 186 Misc 2d 487, 488 [App Term, 2d Dept, 9th & 10th Jud Dists 2000]). Thus, by extension, defendant could not, under those circumstances, be found guilty of attempting to commit the offense of endangering the welfare of a child (People v Grennon, 36 Misc 3d 33, 35 [App Term, 2d Dept, 9th & 10th Jud Dists 2011]).
*43 Even if the facts support a finding that defendant was intoxicated (see Vehicle and Traffic Law § 1192 [3]; People v Rogalski, 93 AD3d 1322, 1323 [2012]), reversal would nevertheless be mandated because the facts do not establish that defendant attempted to endanger the welfare of a child. An attempt to commit an offense (see Penal Law § 110.00) “requires a showing that [the] defendant committed an act or acts that carried the project forward within dangerous proximity to the criminal end to be attained” (People v Warren, 66 NY2d 831, 832 [1985]; see also People v Gajadhar, 38 AD3d 127, 135 [2007] [while the final act necessary to commit the offense may not have occurred, this “does not require the conclusion that steps taken in furtherance of this objective cannot constitute an attempt”]). The point at which a person’s conduct crosses the “boundary where preparation ripens into punishable conduct” (People v Naradzay, 11 NY3d 460, 467 [2008] [internal quotation marks omitted]), that is, when the person is in dangerous proximity to the commission of an offense, is not easily defined. In People v Mahboubian (74 NY2d 174 [1989]), the Court of Appeals, noting that the boundary “differs with different crimes” (id. at 191), ruled that an attempt may be found where the defendant’s acts proceed “to the extent of placing it in [the defendant’s] power to commit the offense unless interrupted” (id. [internal quotation mark omitted]).
In the case at bar, defendant was arrested inside the school building and there was evidence that no child had yet boarded the school bus. Thus, it cannot be said that defendant was at a stage beyond merely preparing to commit the offense. Whatever his ultimate intent, defendant was not yet in a dangerous proximity to endangering the welfare of a child and, therefore, could not be found guilty of an attempt to commit the offense (see People v Rizzo, 246 NY 334 [1927]; People v Acevedo, 140 AD2d 846 [1988]; People v Ciardullo, 106 AD2d 14 [1984]; People v DeJesus, 34 Misc 3d 141[A], 2012 NY Slip Op 50083[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2012]).
Accordingly, the judgment of conviction is reversed and the accusatory instrument is dismissed.
Pesce, PJ., Weston and Solomon, JJ., concur.