People v Hiedeman (2020 NY Slip Op 07954)





People v Hiedeman


2020 NY Slip Op 07954


Decided on December 24, 2020


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: December 24, 2020

110843

[*1]The People of the State of New York, Respondent,
v
Adam Hiedeman, Appellant.

Calendar Date: November 18, 2020

Before: Lynch, J.P., Clark, Mulvey and Colangelo, JJ.


Hug Law, PLLC, Albany (Matthew C. Hug of counsel), for appellant.
Jason M. Carusone, District Attorney, Lake George (Rebecca Nealon of counsel), for respondent.



Clark, J.
Appeal from a judgment of the County Court of Warren County (Hall Jr., J.), rendered July 12, 2018, upon a verdict convicting defendant of the crimes of attempted rape in the second degree, attempted criminal sexual act in the second degree (two counts) and attempted endangering the welfare of a child.
In June 2017, the State Police, in conjunction with the Federal Bureau of Investigation and the Warren County Sheriff's Department, organized and ran an undercover operation designed to catch individuals seeking to engage in sexual activity with minors. As part of this operation, an investigator with the State Police posted an advertisement within the "casual encounters" section of Craigslist, stating that a 41-year-old man and his female "friend" were a "loving couple" looking for a male to join them for "some alternative/taboo fun." Defendant, who was in his thirties at the time, responded to the advertisement and thereafter engaged in a series of emails and text messages with undercover investigators involved in the operation, during which the investigators revealed that the "couple" referenced in the Craigslist post was a stepfather and his 14-year-old stepdaughter. The email and text conversations, as well as a phone call between defendant and one of the undercover investigators, ultimately led to defendant arriving at a "campsite" in Warren County, where he met and conversed with an investigator posing as the stepfather.
Defendant was subsequently arrested and charged with attempted rape in the second degree, attempted criminal sexual act in the second degree (two counts) and attempted endangering the welfare of a child. Following a jury trial, defendant was convicted as charged. He was thereafter sentenced to three consecutive prison terms of four years each, followed by 10 years of postrelease supervision, on the attempted rape and attempted criminal sexual act convictions and to a concurrent term of one year on the conviction of attempted endangering the welfare of a child.[FN1] Defendant appeals, and we now reverse and dismiss the indictment.
Defendant asserts that his convictions are not supported by legally sufficient evidence and are against the weight of the evidence. Specifically, defendant argues that the evidence did not establish that he came "dangerously near" completing rape in the second degree, either charge of criminal sexual act in the second degree or endangering the welfare of a child, so as to constitute an "attempt" to commit any of those crimes under Penal Law § 110.00. He further argues that the People failed to prove that he harbored the requisite intent to commit the crimes charged. We agree with defendant on both points and, thus, find his convictions to be unsupported by legally sufficient evidence.
For a conviction on the charge of attempted rape in the second degree, the People had to prove that defendant, being at least 18 years old, attempted to engage in sexual intercourse with a minor less than 15 [*2]years old (see Penal Law §§ 110.00, 130.30 [1]). To obtain convictions for attempted criminal sexual act in the second degree, as charged in the indictment, the People had to prove that defendant, being 18 years of age or older, attempted to perform oral sex on a minor less than 15 years old and attempted to receive oral sex from a minor less than 15 years old (see Penal Law §§ 110.00, 130.45 [1]). Finally, for a conviction of attempted endangering the welfare of a child, the People had to prove that defendant attempted to knowingly act in a manner likely to be injurious to the physical, mental or moral welfare of a child less than 17 years old (see Penal Law §§ 110.00, 260.10 [1]).
Pursuant to Penal Law § 110.00, "[a] person is guilty of an attempt to commit a crime when, with intent to commit a crime, he [or she] engages in conduct which tends to effect the commission of such crime." As the Court of Appeals has repeatedly stated, "the 'law does not punish evil thoughts, nor does it generally consider mere preparation sufficiently dangerous to require legal intervention' by imposing attempt liability" (People v Lendof-Gonzalez, ___ NY3d ___, ___, 2020 NY Slip Op 06940, *3 [2020], quoting People v Bracey, 41 NY2d 296, 300 [1977]). Thus, to constitute an attempt, the defendant's "conduct must have passed the stage of mere intent or mere preparation to commit a crime" (People v Mahboubian, 74 NY2d 174, 189 [1989]; accord People v Naradzay, 11 NY3d 460, 466 [2008]). "[T]he boundary where preparation ripens into punishable conduct depends greatly on the facts of the particular case" (People v Mahboubian, 74 NY2d at 190; see People v Lendof-Gonzalez, 2020 NY Slip Op 06940 at *3). The defendant need not take the final step in completing the crime (see People v Naradzay, 11 NY3d at 466; People v Bracey, 41 NY2d at 300), but he or she must have "engaged in conduct that came 'dangerously near' commission of the completed crime" (People v Kassebaum, 95 NY2d 611, 618 [2001], cert denied 532 US 1069 [2001], quoting People v Acosta, 80 NY2d 665, 670 [1993]).
The evidence presented at trial consisted of, among other things, testimony from the investigators involved in the undercover operation, the emails and text messages exchanged with defendant, a recorded phone call between defendant and an investigator and audio/video footage of defendant's conversation with an undercover investigator at the stepfather's supposed campsite. Such evidence demonstrated that the investigators referenced a 14-year-old girl early on in the conversations and thereafter made repeated references to her, expressly stating that it was "not role play." Indeed, upon receiving defendant's initial response to the Craigslist post, an investigator sent defendant an email posing as the 41-year-old stepfather, stating that he and his 14-year-old stepdaughter were "looking for someone to have fun with." Defendant — who testified that he believed the situation to be role play — was [*3]not deterred by the references to the 14-year-old and instead inquired as to what he would "be allowed to do." In response, an investigator stated that defendant "could do anything but anal," to which defendant responded, "Ok sounds really fun" and inquired as to when the "stepfather" wanted to meet. Defendant and the "stepfather" made arrangements to meet and engaged in a phone call to make "sure the other [was] real."
The evidence established that defendant thereafter drove to the stepfather's supposed campsite and engaged in conversation with an investigator posing as the stepfather. During that conversation, the investigator indicated the type of sexual conduct that defendant could engage in with the fictitious stepdaughter, including giving and receiving oral sex, and also set forth certain ground rules. The investigator asked defendant if he brought a condom and, upon learning that defendant had not, stated that defendant could not ejaculate in the stepdaughter. As demonstrated by the audio/video footage and as acknowledged by the undercover investigator posing as the stepfather, defendant was not "definitive about what he wanted to do" and gave only passive responses to the investigator's statements. For example, when told what he could and could not do with the stepdaughter, defendant merely stated, "Okay." Similarly, when asked what he would like to do, defendant stated things like "I have no idea" and "I don't know, whatever." Even though defendant expressed enthusiasm when asked if he wanted to meet the stepdaughter, when the investigator pretended to summon her, just prior to defendant's arrest, defendant got up from his seat and walked away.
Upon reviewing the record and considering the evidence in the light most favorable to the People, we cannot conclude that defendant came dangerously near engaging in sexual intercourse or oral sexual contact of any iteration with a minor under the age of 15 or any other act that would likely be injurious to the physical, mental or moral welfare of a child (see Penal Law §§ 110.00, 130.30 [1]; 130.45 [1]; 260.10 [1]). Although defendant engaged in conversations contemplating sexual contact with a 14-year-old and drove to a location where he was told a 14-year-old would be, under the circumstances of this case, his conduct did not pass the stage of mere preparation and bring him dangerously close to committing the attempted crimes of rape in the second degree, a criminal sexual act in the second degree or an act endangering the welfare of a child (see People v Lendof-Gonzalez, 2020 NY Slip Op 06940 at *3-*4; People v Mike, 92 NY2d 996, 998-999 [1998]; People v Omwathath, 39 Misc 3d 41, 43 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2013], lv denied 21 NY3d 1007 [2013]; compare People v Cano, 12 NY3d 876, 877 [2009]; People v Clyde, 18 NY3d 145, 155 [2011], cert denied 566 US 944 [2012]). Moreover, intent to engage in sexual intercourse and the criminal sexual acts charged in the indictment [*4]cannot be inferred from the evidence, particularly given defendant's passive and noncommittal statements when discussing potential contact with the 14-year-old stepdaughter, as well as the fact that defendant did not bring a condom or any other sexual item to the campsite (compare People v Urbina, 248 AD2d 123, 123 [1998], lv denied 92 NY2d 862 [1998]). Accordingly, inasmuch as the verdict is not supported by legally sufficient evidence, we reverse the judgment of conviction and dismiss the indictment (see People v Lendof-Gonzalez, 170 AD3d 1508, 1510-1511 [2019], affd ___ NY3d ___, 2020 NY Slip Op 06940 [2020]).
Defendant's remaining arguments have been rendered academic by our determination.
Lynch, J.P., Mulvey and Colangelo, JJ., concur.
ORDERED that the judgment is reversed, on the law, and indictment dismissed.



Footnotes

Footnote 1: Although defendant's sentencing challenges are rendered academic by our decision, we note that consecutive sentences are not authorized on attempt convictions premised upon the same acts (see Penal Law § 70.25 [2]; see generally People v Rosas, 8 NY3d 493, 498 [2007]). Furthermore, the maximum sentence that could be imposed upon defendant for attempted endangering the welfare of a child is three months; thus, the one-year jail sentence imposed for that conviction was illegal (see Penal Law §§ 70.15 [2]; 110.05 [8]; 260.20).