People v Jones (2021 NY Slip Op 00051)





People v Jones


2021 NY Slip Op 00051


Decided on January 7, 2021


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: January 7, 2021

109885

[*1]The People of the State of New York, Respondent,
v
Massi Jones, Appellant.

Calendar Date: November 20, 2020

Before: Egan Jr., J.P., Clark, Aarons, Reynolds Fitzgerald and Colangelo, JJ.


Stephen W. Herrick, Public Defender, Albany (Steven M. Sharp of counsel), for appellant.
P. David Soares, District Attorney, Albany (Vincent Stark of counsel), for respondent.



Reynolds Fitzgerald, J.
Appeal from a judgment of the County Court of Albany County (Lynch, J.), rendered October 3, 2017, convicting defendant upon his plea of guilty of the crime of attempted criminal possession of a controlled substance in the third degree.
On January 6, 2017, State Trooper Clayton Howell was on patrol duty on the New York State Thruway when he received an alert to be on the lookout for a gray Kia bearing a certain license number. Thereafter, Howell observed the vehicle and began following it when he noticed its rear license plate was partially obscured by the license plate bracket. Believing this obstruction to be a violation of the Vehicle and Traffic Law, Howell initiated a traffic stop of the vehicle and, as he approached the driver side window, he detected the odor of marihuana. Howell radioed for assistance and, upon the arrival of other state troopers, Howell conducted a search of the vehicle and discovered a plastic bag containing a green leafy substance that field-tested positive for marihuana. During a subsequent search of defendant's person, Howell found a plastic bag pinned to the inside of defendant's pants containing a substance later determined to be 74 grams of crack cocaine. Defendant was thereafter charged by indictment with two counts of criminal possession of a controlled substance in the third degree. Defendant moved to suppress, among other things, the physical evidence obtained from the vehicle and his person. Following a suppression hearing, County Court denied defendant's motion to suppress the physical evidence.
Defendant thereafter pleaded guilty to attempted criminal possession of a controlled substance in the third degree. As a condition of the plea agreement, defendant waived his right to appeal, but expressly reserved his right to appeal from the adverse suppression decision under CPL 710.70 (2). Defendant was sentenced, as a second felony offender, to a prison term of five years, followed by three years of postrelease supervision, consistent with the terms of the plea agreement. Defendant appeals.
In denying defendant's suppression motion, County Court found the initial approach and the stop of defendant's vehicle to be lawful. The stop of a vehicle by law enforcement "is a seizure implicating constitutional limitations" and, as such, is only permitted when the stop is "based on probable cause that a driver has committed a traffic violation" (People v Hinshaw, 35 NY3d 427, 430 [2020] [internal quotation marks and citations omitted]). Probable cause exists for an officer to effect a traffic stop where the officer observes the traffic violation (see People v Cummings, 157 AD3d 982, 983 [2018], lv denied 31 NY3d 982 [2018]; People v Rasul, 121 AD3d 1413, 1415 [2014]). This is true even if "the officer's primary motivation to stop the vehicle may have been other than the traffic violation" (People v Hinshaw, 35 NY3d at 430; see People v Price, 186 AD3d 903, 904 [2020]).
Vehicle and Traffic Law § 402 (1[*2]) (b) provides, in pertinent part, that number plates "shall not be covered by glass or any plastic material, and shall not be knowingly covered or coated with any artificial or synthetic material or substance that conceals or obscures such number plates . . . and the view of such number plates shall not be obstructed by any part of the vehicle or by anything carried thereon." Howell testified that while he was driving behind the vehicle, he observed that the rear license plate was partially covered by a license plate bracket in violation of Vehicle and Traffic Law § 402 (1). He further testified that the bracket covered about an inch to an inch and a half of the bottom portion of the license plate, covering the words "Empire State" and the area where inspection stickers or commercial vehicle information would be. Howell's uncontradicted testimony that he observed defendant driving with a license plate partially obstructed provided probable cause for his subsequent stop of the vehicle, which was lawful (see People v Newman, 96 AD3d 34, 40 [2012], lv denied 19 NY3d 999 [2012], cert denied 568 US 1132 [2013]; People v Brooks, 23 AD3d 847, 849 [2005], lv denied 6 NY3d 810, 811 [2006]).
Defendant's contention that no violation occurred because Howell was able to read the numbers on the license plate is meritless. "As the clearest indicator of legislative intent is the statutory text, the starting point in any case of interpretation must always be the language itself, giving effect to the plain meaning thereof" (Majewski v Broadalbin-Perth Cent. School Dist., 91 NY2d 577, 583 [1998]). The statutory language repeatedly refers to number plates, reflecting a clear intent that no part of the plate may be obstructed, and not merely that the numbers be unobstructed. Had the Legislature intended only to prohibit the obstruction of the numbers on the plates, it could have done so (see Yaniveth R. v LTD Realty Co., 27 NY3d 186, 193 [2016]; see Vehicle and Traffic Law § 375 [2] [a] [4]). In any case, given the foregoing analysis, even if we were to determine that the statute had not been violated, the stop would still pass constitutional muster based on Howell's "objectively reasonable mistake of law" (People v Guthrie, 25 NY3d 130, 139 [2015]).
Defendant next challenges the lawfulness of the ensuing search of the vehicle, specifically whether the People established that Howell was qualified to detect the odor of marihuana emanating from the vehicle. "It is well established that the odor of marihuana emanating from a vehicle, when detected by an officer qualified by training and experience to recognize it, is sufficient to constitute probable cause to search a vehicle" (People v Hines, 172 AD3d 1649, 1651 [2019] [internal quotation marks and citations omitted], lv denied 34 NY3d 951 [2019]; see People v Sostre, 172 AD3d 1623, 1624 [2019], lv denied 34 NY3d 938 [2019]; People v Williams, 145 AD3d 1188, 1190 [2016], lv denied 29 NY3d 1002 [2017]). As [*3]to Howell's training, he testified that he received State Police basic training, Vehicle and Traffic Law training and drug training on the smell of marihuana and drug recognition, including cocaine, which he had seen numerous times throughout his career. Howell stated that he had successfully completed all of the training. Howell further testified that when he approached the driver side of the vehicle, he smelled the odor of marihuana emanating directly from inside the vehicle. Howell recounted that he asked defendant several questions regarding the odor of marihuana coming from the vehicle, to which defendant responded by denying smoking marihuana but admitting that it was his girlfriend's car and that she might smoke marihuana. Howell conducted a search, recovering six grams of marihuana located in the sunglasses holder in the overhead console.
Although Howell's testimony as to his training and experience was minimal, it established that he had completed drug training to recognize drugs and detect the smell of marihuana (cf. People v Pierre, 8 AD3d 904, 906 [2004], lv denied 3 NY3d 710 [2004]). The smell of marihuana provided probable cause to search the vehicle, including "any of the contents of the vehicle that may conceal the contraband sought," as well as defendant's person (People v Kalabakas, 183 AD3d 1133, 1138 [2020] [internal quotation marks and citations omitted], lv denied 35 NY3d 1067 [2020]). Deferring to County Court's determination to credit the testimony of Howell, who the court found to be "frank, candid and trustworthy," we find that the court properly denied defendant's suppression motion (see People v Sostre, 172 AD3d at 1624; People v Rudolph, 170 AD3d 1258, 1259 [2019], lv denied 34 NY3d 937 [2019]); People v Kaid, 163 AD3d 1151, 1152 [2018], lv denied 32 NY3d 1005 [2018]).
Egan Jr., J.P., Clark, Aarons and Colangelo, JJ., concur.
ORDERED that the judgment is affirmed.