People v Dula (2021 NY Slip Op 05465)





People v Dula


2021 NY Slip Op 05465


Decided on October 12, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: October 12, 2021

Before: Renwick, J.P., Kern, Oing, Mendez, Rodriguez, JJ. 


Ind No. 2631/17 Appeal No. 14341-14342-14343-14344 Case No. 2020-02145 2020-02144 2019-04992 2020-02143 

[*1]The People of the State of New York, Appellant,
v
Bryant Dula, et al., Defendants-Respondents.


Cyrus R. Vance, Jr., District Attorney, New York (Stephen J. Kress of counsel), for appellant.
Robert S. Dean, Center for Appellate Litigation, New York (Benjamin Wiener of counsel), and White & Case LLP, New York (Jackson Herndon of counsel), for Chad Hooks, respondent.
Janet E. Sabel, The Legal Aid Society, New York (Paul Wiener of counsel), for Lamont Billings, respondent.
Caprice R. Jenerson, Office of the Appellate Defender, New York (Victorien Wu of counsel), for Trimelle Lang, respondent.



Order (denominated a decision), Supreme Court, New York County (Thomas Farber, J.), entered on or about July 10, 2019, which granted defendants' motions to suppress physical evidence, unanimously reversed, on the law, the suppression motions denied, and the matter remanded for further proceedings consistent with this opinion.
Defendants' motions to suppress physical evidence should have been denied. The court found that the police observed a moving vehicle with a New Jersey license plate on which the state nickname, "Garden State," was obscured by a frame, in violation of Vehicle and Traffic Law § 402(1)(b) (see People v Jones, 190 AD3d 1013, 1015 [3d Dept], lv denied 36 NY3d 1098 [2021]). Because that distinct finding was not adverse to the People, it is not reviewable on the People's appeal and thus may not be challenged by defendants (see People v LaFontaine, 92 NY2d 470 [1998]; compare People v Steinbergin, 159 AD3d 591 [1st Dept 2018], with People v Garrett, 23 NY3d 878, 885 n 2 [2014]).
The trial court's concerns of permitting police officers to engage in pretextual traffic stops based on observations of trivial or technical traffic violations, which may lead to impermissible profiling, are noteworthy and merit consideration. However, once the court found that the officers reasonably believed that a traffic violation had been committed, this provided the required probable cause to stop the car (see e.g. Jones, 190 AD3d at 1015), regardless of whether the violation could be deemed de minimis, ubiquitous, unintentional, or caused by a third party such as a car dealer (see People v Robinson, 97 NY2d 341 [2001]). "Probable cause to believe that the Vehicle and Traffic Law has been violated provides an objectively reasonable basis for the police to stop a vehicle and . . . there is no exception for infractions that are subjectively characterized as 'de minimis'" (People v Pealer, 20 NY3d 447, 457 n 2 [2013], cert denied 571 US 846 [2013] [illegal rear window sticker]). Given that the court found in the alternative that it would have denied the suppression motions if the stop were justified, we deny the motions and remand for further proceedings as to all four defendants.
The alternative claim that the physical evidence should be suppressed as a product of alleged racial discrimination in law enforcement, in violation of the Equal Protection clauses of the federal and state constitutions, is unavailing. "[S]uppression of evidence is not a recognized remedy for such an illegality" (People v Fredericks, 37 AD3d 183, 183 [1st Dept 2007], lv denied 8 NY3d 946 [2007]). Furthermore, defendants have not established that racial discrimination actually occurred in this particular case.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 12, 2021