People v Perez (2023 NY Slip Op 00459)

People v Perez

2023 NY Slip Op 00459

Decided on February 2, 2023

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:February 2, 2023

110592
[*1]The People of the State of New York, Respondent,
v
Robert Perez, Appellant.

Calendar Date:December 15, 2022

Before:Garry, P.J., Lynch, Aarons, Reynolds Fitzgerald and Ceresia, JJ.

Dennis J. Lamb, Troy, for appellant.
Paul Czajka, District Attorney, Hudson (James A. Carlucci of counsel), for respondent.

Aarons, J.
Appeal from a judgment of the County Court of Columbia County (Jennifer G. Sober, J.), rendered July 2, 2018, upon a verdict convicting defendant of the crime of driving while ability impaired by drugs.
Following a traffic stop, defendant, who was the driver of the vehicle, was observed to be in an impaired state. Defendant failed field sobriety tests and was subsequently arrested. At the police barracks, an emergency medical technician-paramedic drew defendant's blood, and a test thereof revealed the presence of various drugs. In connection with this, defendant was charged by indictment with driving while ability impaired by drugs. Prior to trial, defendant, in separate motions, moved to dismiss the indictment and to suppress certain evidence. County Court (Nichols, J.) denied both motions. A jury trial was held and, after its conclusion, defendant was convicted as charged. County Court (Sober, J.) then sentenced defendant to a term of imprisonment. Defendant appeals.
Defendant contends that County Court (Nichols, J.) erred in denying his motion to dismiss the indictment because the People failed to notify him when the case will be presented to the grand jury such that he was deprived of his right to testify before it. The People do not have to provide a defendant with the precise date that the case would be presented to the grand jury (see People v Greene, 195 AD2d 888, 888-889 [3d Dept 1993], lv denied 82 NY2d 850 [1993]). Rather, the People must "accord the defendant a reasonable time to exercise his [or her] right to appear as a witness" (CPL 190.50 [5] [a]). The record reflects that defendant was served with one notice stating that the case would be presented to the grand jury on June 1, 2017 and then another notice indicating a presentment date of September 12, 2017. Contrary to defendant's assertion, the fact that the case was ultimately presented to the grand jury in November 2017 did not deprive him of his right to testify. Given that defendant was afforded more time than what was provided for in the notices, and noting that defendant never served a written notice to the People of his intent to testify (see People v Morton, 198 AD3d 1176, 1177 [3d Dept 2021], lv denied 37 NY3d 1163 [2022]), the court correctly denied the motion.
As to defendant's suppression motion, the proof from the suppression hearing reflects that a trooper observed defendant operating a vehicle in inclement weather without the headlights being illuminated. That said, based on the violation of Vehicle and Traffic Law § 375 (2) (a), the trooper had probable cause to stop defendant's vehicle (see People v Jones, 190 AD3d 1013, 1015 [3d Dept 2021], lv denied 36 NY3d 1098 [2021]). Contrary to defendant's claim, the police were authorized to direct him to exit the vehicle after the trooper effectuated the traffic stop (see People v Garcia, 20 NY3d 317, 321 [2012]; People v Medina, 209 AD3d 1059, 1060 [3d Dept 2022]). The record also reveals that, at the traffic stop[*2], defendant was observed to be agitated, fidgety, irritable and "almost lifeless," he needed the door to stabilize himself when exiting the vehicle, he had slurred speech, bloodshot eyes and he failed some field sobriety tests. In view of this, probable cause existed to arrest defendant (see People v Crandall, 181 AD3d 1091, 1092 [3d Dept 2020], lv denied 35 NY3d 1026 [2020]; People v O'Brien, 140 AD3d 1325, 1326 [3d Dept 2016]; People v Shaffer, 95 AD3d 1365, 1366 [3d Dept 2012]). Furthermore, given the multiple field sobriety tests that were administered and the fact that the trooper had to wait for assistance to deal with the multiple passengers that were in the vehicle with defendant, the detention of defendant was not unreasonably prolonged (see People v Rodriguez, 185 AD3d 1233, 1234 [3d Dept 2020], lv denied 36 NY3d 975 [2020]; People v Noonan, 220 AD2d 811, 813 [3d Dept 1995]).
Regarding defendant's contention concerning the qualifications of the emergency medical technician-paramedic who drew his blood at the police barracks, the paramedic testified at the suppression hearing that he was an emergency medical technician-paramedic certified by the State of New York. As relevant here, "an advanced emergency medical technician as certified by the department of health" is considered one of the "[p]ersons authorized to withdraw blood" (Vehicle and Traffic Law § 1194 [4] [a] [1] [i]). According to defendant, an emergency medical technician paramedic is not the equivalent of "an advanced emergency medical technician as certified by the department of health" (Vehicle and Traffic Law § 1194 [4] [a] [1] [i]). Although the Vehicle and Traffic Law does not define "an advanced emergency medical technician," the relevant administrative regulation states that "[a]dvanced emergency medical technician means a person certified . . . as an . . . emergency medical technician-paramedic" (10 NYCRR 800.3 [p]). County Court (Nichols, J.) did not err in relying on this regulation in concluding that the paramedic was qualified to draw defendant's blood. As such, defendant's contention concerning the paramedic's qualification is without merit.
Defendant argues that the verdict is against the weight of the evidence.[FN1] At trial, the People tendered evidence regarding defendant's impaired state at the traffic stop, as well as the failed field sobriety tests, that largely mirrored the evidence received at the suppression hearing. In addition to this, a forensic scientist testified at trial that defendant's blood kit revealed the presence of hydrocodone and cocaine, among other things, in defendant's blood.[FN2] She also testified that hydrocodone and cocaine can cause dizziness, the slowing down of bodily functions and poor impulse control, among other side effects. Meanwhile, a witness testified on behalf of defendant and stated that defendant showed no signs of impairment and that she did not see defendant use any drugs prior to driving.
An acquittal would not have been [*3]unreasonable had the jury believed defendant's proof (see People v McClendon, 199 AD3d 1233, 1236 [3d Dept 2021]). That said, having been presented with conflicting information, the jury was entitled to resolve any inconsistencies in favor of the People. Viewing the evidence in a neutral light and deferring to the jury's credibility determinations, the verdict is not against the weight of the evidence (see People v Fragassi, 178 AD3d 1153, 1155 [3d Dept 2019], lv denied 34 NY3d 1128 [2020]; People v Butcher, 38 AD3d 942, 943 [3d Dept 2007], lv denied 9 NY3d 841 [2007]; People v Kraft, 278 AD2d 591, 592 [3d Dept 2000], lv denied 96 NY2d 864 [2001]). Defendant's remaining contentions have been considered and are unavailing.
Garry, P.J., Lynch, Reynolds Fitzgerald and Ceresia, JJ., concur.
ORDERED that the judgment is affirmed.

Footnotes

Footnote 1: Although defendant also argues that the verdict is not supported by legally sufficient evidence, he concedes that this argument is unpreserved. We decline defendant's request that we exercise our interest of justice jurisdiction to take corrective action on this issue.
Footnote 2: Defendant's contention that the admission of the laboratory blood report violated his right to confront witnesses is unpreserved given that this was not the basis for his objection raised during the trial (see People v Sloley, 179 AD3d 1308, 1311 [3d Dept 2020], lv denied 35 NY3d 974 [2020]).