People v Rock (2024 NY Slip Op 05162)

People v Rock

2024 NY Slip Op 05162

Decided on October 17, 2024

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:October 17, 2024

CR-23-1266
[*1]The People of the State of New York, Respondent,
v
Donald Rock, Appellant.

Calendar Date:September 12, 2024

Before:Egan Jr., J.P., Clark, Aarons, Reynolds Fitzgerald and Fisher, JJ.

LaMarche Safranko Law PLLC, Cohoes (Joshua R. Friedman of counsel), for appellant.
Andrew J. Wylie, District Attorney, Plattsburgh (Jennifer C. Manning of counsel), for respondent.

Aarons, J.
Appeal from a judgment of the County Court of Clinton County (Keith M. Bruno, J.), rendered July 23, 2021, upon a verdict convicting defendant of the crimes of falsifying business records in the first degree and attempted criminal purchase of a weapon.
In June 2019, defendant tried to buy a shotgun at a store in Clinton County, a transaction that requires a purchaser to complete Form 4473 published by the Bureau of Alcohol, Tobacco, Firearms and Explosives (hereinafter the ATF form) for the purpose of conducting a background check on the National Instant Criminal Background Check System (hereinafter NICS). Question 11.h of the ATF form asks, "Are you subject to a court order restraining you from harassing, stalking or threatening your child or an intimate partner or child of such partner?" In conformity with 18 USC § 922, the instructions for question 11.h specify that a person must answer "yes" if the court order "was issued after a hearing which the person received actual notice of and had an opportunity to participate in." Defendant checked the box indicating "[n]o."
Defendant did not pass the NICS background check, and the store did not sell him the shotgun. Investigation of the denied purchase revealed an August 19, 1993 restraining order, without an expiration date, issued against defendant by a New Jersey court in favor of defendant's former spouse.
Alleging that defendant knew he was barred from possessing a firearm because of an existing order of protection and lied on his ATF form to unlawfully buy one anyway, the People charged him by indictment with falsifying business records in the first degree and attempted criminal purchase of a weapon (see Penal Law §§ 110.00, 175.10, 265.17 [1]). Following a jury trial, defendant was found guilty as charged and sentenced to probation. Defendant appeals. We reverse.
Initially, defendant's motion for a trial order of dismissal "was not premised on the specific grounds upon which defendant now relies and, as such, his challenge to the legal sufficiency of the evidence is unpreserved" (People v Gentry, 218 AD3d 919, 921 [3d Dept 2023] [internal quotation marks and citation omitted], lv denied 40 NY3d 1012 [2023]). Defendant also contends that the verdict is against the weight of the evidence, which necessarily requires us to assess whether the People proved all elements of the charged crimes beyond a reasonable doubt (see People v Ashe, 208 AD3d 1500, 1501 [3d Dept 2022], lv denied 39 NY3d 961 [2022]).
As to attempted criminal purchase of a weapon, "[a] person is guilty of an attempt to commit a crime when, with intent to commit a crime, he [or she] engages in conduct which tends to effect the commission of such crime" (Penal Law § 110.00; see People v Hiedeman, 189 AD3d 1902, 1903-1904 [3d Dept 2020], lv denied 36 NY3d 1120 [2021]). "A person is guilty of criminal purchase . . . of a weapon when . . . [, k]nowing that he or she is prohibited by law from possessing a firearm, rifle or shotgun because [*2]of a prior conviction or because of some other disability which would render him or her ineligible to lawfully possess a firearm, rifle or shotgun in this state . . . , such person purchases or otherwise acquires a firearm, rifle or shotgun from another person" (Penal Law § 265.17 [1]). As to which law disables defendant from possessing a shotgun, 18 USC § 922 (g) (8) prohibits the possession of a firearm by a person "who is subject to a court order that . . . was issued after a hearing of which such person received actual notice, and at which such person had an opportunity to participate" and "restrains such person from . . . engaging in . . . conduct that would place an intimate partner in reasonable fear of bodily injury to the partner."
Further, "[a] person is guilty of falsifying business records in the first degree when he [or she] commits the crime of falsifying business records in the second degree, and when his [or her] intent to defraud includes an intent to commit another crime or to aid or conceal the commission thereof" (Penal Law § 175.10; accord People v Park, 163 AD3d 1060, 1062 [3d Dept 2018]). "A person is guilty of falsifying business records in the second degree when, with intent to defraud, he [or she] . . . [m]akes or causes a false entry in the business records of an enterprise" (Penal Law § 175.05 [1]).
To start, the People never produced for trial the August 19, 1993 restraining order, nor could any witness testify to the conditions under which it was issued. Therefore, an acquittal would not have been unreasonable, requiring us to "view the evidence in a neutral light and weigh the relative probative force of conflicting testimony and the relative strength of conflicting inferences that may be drawn from the testimony" (People v Houghtaling, 82 AD3d 1493, 1494 [3d Dept 2011] [internal quotation marks and citations omitted], lv denied 17 NY3d 806 [2011]; see People v Gibson, 118 AD3d 1157, 1159 [3d Dept 2014], lv denied 23 NY3d 1062 [2014]).
The trial record includes a temporary restraining order dated August 14, 1993 (hereinafter the TRO) issued ex parte against defendant in favor of his former wife. The TRO directs the parties to appear for a final hearing on August 19, 1993. Although the NICS verification report indicated one restraining order issued on August 19, 1993, the State Police investigator who looked into defendant's 2019 denial could not find an order from that date and never attempted to obtain it.
Another State Police investigator testified that defendant attempted to purchase a firearm in 2010 and was denied based upon the same purported August 19, 1993 restraining order. The 2010 investigator testified that he, too, did not obtain the purported August 19, 1993 order, but he "believe[d]" he saw a copy in an ATF agent's file when they interviewed defendant and verified its existence with the agent.
The People also produced for trial a final restraining order dated October 31, 1994 and a modification of [*3]a restraining order dated June 12, 1995, both issued by New Jersey courts against defendant in favor of his former wife. Both orders are in connection with a complaint filed August 17, 1993 and lack expiration dates. Those two orders note that defendant was present in court when they were issued, and that the "restraints continued." Neither of those orders appeared during defendant's background checks in 2010 and 2019, nor were investigators aware of their existence. For his part, defendant testified that he did not believe there was an active order of protection against him when he submitted his ATF form in July 2019.
Sitting as the proverbial thirteenth juror and "weigh[ing] the evidence in light of the elements as charged to the other jurors" (People v Rogers, 94 AD3d 1246, 1250 [3d Dept 2012] [internal quotations marks and citation omitted], lv denied 19 NY3d 977 [2012]), the People failed to prove beyond a reasonable doubt that defendant attempted to buy a shotgun knowing his possession of same was "prohibited by law" (Penal Law § 265.17 [1]). The TRO and 1994 and 1995 orders do not permit an inference that the purported August 19, 1993 restraining order was issued after a hearing where defendant had an opportunity to meaningfully participate or that he forfeited that opportunity by not appearing (see 18 USC § 922 [g] [8]; United States v Kaspereit, 994 F3d 1202, 1212 [10th Cir 2021]; United States v Bramer, 956 F3d 91, 97-99 [2d Cir 2020]). To the extent the 1994 and 1995 orders could be the bases for defendant's conviction, the fact that those orders were issued after the purported August 19, 1993 restraining order but did not appear on defendant's 2010 and 2019 background checks means the absence of expiration dates on those orders is not proof beyond a reasonable doubt that those orders never expired and defendant knew they were active in 2019.
In light of this conclusion, the jury was also not justified in finding that defendant falsified his ATF form by answering "[n]o" to question 11.h or that he did so with the requisite fraudulent intent (see Penal Law §§ 175.05 [1]; 175.10; People v Parks, 53 AD3d 688, 691 [3d Dept 2008]). Accordingly, defendant's convictions cannot stand, and his remaining contentions are academic.
Egan Jr., J.P., Clark, Reynolds Fitzgerald and Fisher, JJ., concur.
ORDERED that the judgment is reversed, on the facts, and indictment dismissed.