People v Hooks (2025 NY Slip Op 05469)

People v Hooks

2025 NY Slip Op 05469

Decided on October 07, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: October 07, 2025

Before: Webber, J.P., Mendez, Pitt-Burke, Higgitt, O'Neill Levy, JJ. 

Ind. No. 2631/17|Appeal No. 4858|Case No. 2022-05592|

[*1]The People of the State of New York, Respondent,
v
Chad Hooks, Defendant-Appellant.

Jenay Nurse Guilford, Center for Appellate Litigation, New York (Jacquelyn Shelton of counsel), for appellant.
Alvin L. Bragg, Jr., District Attorney, New York (Hunter Baehren of counsel), for respondent.

Judgment, Supreme Court, New York County (Thomas Farber, J. at suppression hearing; Miriam Best, J. at plea and sentencing), rendered December 1, 2022, convicting defendant of attempted criminal possession of a weapon in the second degree, and sentencing him, as a second violent felony offender, to a term of five years, unanimously affirmed.
There is no basis to disturb the suppression court's credibility determinations, which are entitled to "great deference" (People v Wheeler, 2 NY3d 370, 374 [2004]). The testimony of the People's witnesses and corroborating photographic evidence established that the automobile in which defendant was an occupant had a license plate frame covering the bottom portion of the license plate, in violation of former Vehicle and Traffic Law § 402(1)(b), which justified police stopping the vehicle (see People v Nektalov, 42 NY3d 363, 367 [2024]; People v Jones, 190 AD3d 1013, 1014-1015 [3d Dept 2021], lv denied 36 NY3d 1098 [2021]; see also People v Dula, 198 AD3d 463, 464 [1st Dept 2021], lv denied 37 NY3d 1162 [2022]).
Defendant failed to preserve his contention that the indictment charging him with weapon possession is unconstitutional under New York State Rifle & Pistol Assn., Inc. v Bruen (597 US 1 [2022]) (see People v Cabrera, 41 NY3d 35 [2023]), and we decline to review it in the interest of justice. As an alternative holding, defendant has made a "substantial showing of futility" (Antonyuk v James, 120 F4th 941, 978-979 [2d Cir 2024], cert denied — US —, 145 S Ct 1900 [2025]), sufficient to excuse the "threshold requirement for standing" (Jackson-Bey v Hanslmaier, 115 F3d 1091, 1096 [2d Cir 1997]), since he had previously been convicted of a felony, which bars him from obtaining a firearm license (see Penal Law § 400.00[1][c]). However, he has failed to establish that his conviction is unconstitutional under Bruen (see People v Anderson, 234 AD3d 603, 604 [1st Dept 2025], lv denied 43 NY3d 943 [2025]; People v Liriano, 226 AD3d 520, 521 [1st Dept 2024], lv denied 41 NY3d 1019 [2024]). THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 7, 2025